Lathrop v. Hoyt.

———————◆———————

SAME TERM. *Before the same Justices.*

LATHROP *vs.* HOYT.

Where the defendant, at the plaintiff's request, agreed, by parol, that he wou.d go and attend a sale of the plaintiff's farm, under a decree of foreclosure; that he would bid off the premises and take a deed in his own name; that he would give the plaintiff an opportunity to repay him the amount of his bid, and have

a reconveyance of the premises; and that the plaintiff should have two weeks' notice to pay the amount; and the defendant accordingly bid off the farm, and took a deed in his own name; *Held* that the agreement was void, as being within the statute of frauds, and would not support an action.

THIS was an action brought to recover the sum of $317 with interest from the 15th day of August, 1847, claimed to be due from the defendant to the plaintiff. The complaint alledged that prior to the 2d day of May, 1846, the plaintiff was the owner of a farm of fifty and one-fourth acres of land, situate in the town of Barton, county of Tioga, and that the same was subject to a mortgage bearing date May 7th, 1841, executed by one Isaac E. Fisher to Joseph Hill, to secure the payment of $300, on or before the 25th day of July, 1845, with interest. That on or about the 12th day of September, 1845, proceedings were instituted to foreclose the said mortgage, in chancery, in favor of the said Joseph Hill, and a decree subsequently obtained, to sell the land to satisfy the balance due on said mortgage, with the costs of foreclosure and sale, amounting to about the sum of $484; and that the land was advertised to be sold under said decree, at the village of Owego in the county of Tioga, on the 2d day of May, 1846. That two or three days before the sale the plaintiff applied to the defendant for assistance to enable him to pay the amount of said decree and costs; and that after some negotiation, it was finally agreed between them that the defendant should let the plaintiff have the money, and that in order to secure the repayment the defendant should bid off the land, take a deed in his own name, and give the plaintiff two weeks' notice when he wanted the money repaid. The complaint also alledged that the defendant, in accordance with said agreement, bid off the land on the day of sale, for about the sum of $484, and took a deed in his own name; that in the month of August, 1847, the defendant sold the land to one Hollister, for the sum of eight hundred and fifty dollars; that from the time the defendant bid off the land until the time he sold the same to Hollister, he never demanded the money of the plaintiff, or requested him to pay it. The complaint further alledged that the defendant became, and was, the trustee of the

Lathrop *v.* Hoyt.

plaintiff in regard to said land, and as such was liable to account and pay over to the plaintiff, all moneys received of the said Hollister, over and above the amount so bid by him for the land, with interest and his reasonable expenses; and that the sum so received by the defendant for which he was liable to account amounted to $317 at the time of the sale to Hollister. The cause was tried before the Hon. WILLIAM F. ALLEN, one of the justices of this court, at the Tompkins circuit, in April, 1849. After the cause was opened by the counsel for the plaintiff, the counsel for the defendant moved the court to nonsuit the plaintiff, on the ground that the pleadings and the facts which stood admitted therein, did not entitle the plaintiff to recover. The court denied the motion and the defendant excepted. On the trial the plaintiff proved that the defendant agreed with him, that he would go and attend the sale, and bid off the premises, and take a deed in his own name, and give the plaintiff an opportunity to pay him the amount of his bid, and have the premises; and that the defendant agreed that the plaintiff should have two weeks' notice to pay the amount. After the evidence had closed, the counsel for the defendant moved the court to nonsuit the plaintiff, on the ground that the proof did not sustain the complaint, and he also presented the same questions again to the court, that were raised on the opening of the cause. The court decided that the cause should go to the jury, and the defendant excepted. The jury found a verdict for the plaintiff, for the sum of $350,68 damages; and the defendant appealed to the general term.

*Ferris & Cushing*, for the plaintiff.

*J. M. Parker*, for the defendant.

*By the Court*, MASON, J. I am satisfied, after a careful examination of this case, that we can not permit this judgment to stand. The agreement set forth in the complaint, and proved upon the trial, is most clearly within the statute of frauds, and consequently void. The complaint is framed upon the assump-

Lathrop v. Hoyt.

tion that here was a trust created; that the defendant became and was the trustee of the plaintiff in regard to this land, and as such is bound to account to the plaintiff and pay over. If there is a liability on the part of the defendant, it is because there is a resulting trust in favor of the plaintiff. The plaintiff sought, both in his complaint and evidence, to make out a resulting trust in his favor; but in my opinion, has utterly failed. The doctrine is a familiar one, that if A. purchase land with his own money, and a deed is taken in the name of B., a trust results by operation of law in favor of A.; and the fact that the purchase was made with the money of A., on which the resulting trust is to arise, may be proved by parol. (*Boyd* v. *McClean*, 1 *John. Ch. Rep.* 582. 2 *Story's Eq. Jur. p.* 609, § 1201.) And in such a case, parol evidence is admissible against the face of the deed itself, and also in opposition to the answer of the trustee, denying the trust. (*Boyd* v. *McClean, supra.*) The plaintiff sought to bring his case within this rule, by setting forth in his complaint that the defendant agreed to loan the money to the plaintiff, which he was to pay for the land; but he has failed to show such a case, in his proof. The agreement, as proved, was simply this: The defendant agreed with the plaintiff, that he would go and attend the sale, and bid off the premises, and take a deed in his own name, and give the plaintiff an opportunity to pay him the amount of his bid, and have the premises, and the defendant agreed that the plaintiff should have two weeks' notice to pay the amount. This presents a case most clearly within the statute of frauds. Story says, " Where a man employs another, by parol, as an agent to buy an estate for him, and the latter buys it accordingly in his own name, and no part of the purchase money is paid by the principal; then if the agent denies the trust, and there is no written agreement or document establishing it, he can not, by a suit in equity, compel the agent to convey the estate to him, for that would be decidedly in the teeth of the statute of frauds." (2 *Story's Eq. Jur. p.* 611, § 1201, *a.*) Lord Keeper Henly affirmed this doctrine in the case of *Partlett* v. *Rickersgill*, (*see* 4 *East's Rep.* 577, *note*.) And he held that in such

Lathrop v. Hoyt.

a case, parol evidence could not be given against the deed, and the defendant's answer denying the trust, for the reason that the case was within the statute of frauds. This same doctrine was affirmed in its broadest extent, by Chancellor Kent, in the case of *Botsford* v. *Burr*, (2 *John. Ch. Rep.* 406.) He says that "the whole foundation of the trust is the payment of the money, and that must be clearly proved." He adds, "If therefore, the party who sets up the resulting trust made no payment, he can not be permitted to show by parol proof that the purchase was made for his benefit, or on his account. This would be to overturn the statute of frauds." The same doctrine is recognized in the supreme court, in the cases of *Hall* v. *Smith*, (4 *John.* 240,) and *Sherill et al.* v. *Crosby*, (14 *Id.* 358.)

There is a wide distinction between the case of a resulting trust where the party has paid the purchase money, and the deed is given to the defendant, and the case under consideration. In the former case, the trust results by operation of law from the payment of the money and the giving of the deed, and requires no agreement of the parties to create it. Not so the case made by the plaintiff in his evidence. Here the trust results from the agreement between the parties. The plaintiff agreed with the defendant, that he should go to this sale, and bid in these premises for him, if you please, and take a deed in his own name, and give the defendant time to pay him the amount of his bid, and then the defendant agreed he might have the title. Such a case is most clearly within the spirit of the statute, and falls within its very words. The statute is as follows: "No estate or interest in lands, other than leases for a term not exceeding one year, *nor any trust* or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing." (2 *R. S.* 135, § 6.) The plaintiff's case is not aided by calling this an agreement to allow the plaintiff to redeem the land, and that the defendant should reconvey upon

redemption; for it is then plainly a case within the statute of frauds. (2 *R. S.* 135, §§ 6, 8. 4 *John.* 240. 5 *Cowen*, 192.) The transaction can not be considered a mortgage between the parties; for the plaintiff's interest was all divested by the sale, and he had no interest in the premises, to mortgage, I am not able to view this case in any aspect that will help the plaintiff out of the difficulty which the statute of frauds has thrown around it, and I can only say that I should have been very glad to discover some way through which we might let him escape with the verdict which he has obtained; for there is great equity in his case, and were it not for the stubborn barrier which the statute of frauds has interposed, we should feel disposed to make the defendant account for what he unjustly withholds from the plaintiff, if the facts which the plaintiff has established in this case are to be regarded as the evidence of the transaction between these parties. The statute, however, has written its sentence upon this agreement between these parties, and the plaintiff therefore can claim nothing from his agreement.

The judgment must be reversed, and a new trial granted, for the errors of the judge in not nonsuiting the plaintiff at the close of the proofs; and as the plaintiff may perhaps show a case which will entitle him to recover, a new trial is granted.

New trial granted.

---

Same Term.    *Before the same Justices.*