JAMES M. SMITH, Respondent, *v.* JACOB DUCHARDT, Appellant.

Parties engaged in a particular trade, resolved to take measures to test in the courts the validity of a statute affecting their business, and all signed the following paper: " We, the undersigned, hereby agree to pay our share of costs, equally divided, for the purpose of engaging counsel and to bring our cases before the courts."—*Held*, that the instrument gave no authority to any number of the subscribers, less than all of them, to take any action under it, and that the delivery of this paper to the plaintiff, a counselor-at-law, by a portion of the signers, calling themselves a committee, with a request that he act as counsel for all at a fixed rate, gave to the plaintiff no right of action against any of the other signers.

(Argued May 18th; decided May 30th, 1871.)

APPEAL from the judgment of the General Term of the Superior Court of the city of New York, affirming the judgment of the Special Term in favor of the plaintiff, against the defendant, for $250.

The plaintiff sued to recover for services rendered as counsel. The following instrument was put in evidence by the plaintiff: "We, the undersigned, hereby agree to pay our share of costs, equally divided, for the purpose of engaging counsel and to bring our cases before the courts, in reference to the action of the board of health in reference to the removal of our legitimate business by the 15th of June, 1867." This instrument was signed by the defendant and fifteen others. The signers were butchers in New York, and desired to have suits brought to test the validity of the Metropolitan health act as to the removal of their places of business. Two or more of the subscribers (Shuster and another), called upon the plaintiff, calling themselves a committee for the others, and requested him to commence actions, which he did. Injunctions were obtained in sixteen suits; $4,000 was agreed to be paid in case these injunctions were obtained. No evidence was given of the appointment of a committee, with the consent of the defendant. Payment was demanded from defendant and refused.

*David McAdam,* for appellant.

*Samuel Hand,* for the respondent, cited *Barnes* v. *Perine* (2 Kern., 18); *Ref. Church* v. *Brown* (17 How., 287); *McAuley* v. *Bellinger* (20 John., 89); *Richmondville Seminary* v. *Robinson* (34 N. Y., 379); *Trustees of Baptist Church* v. *Robinson* (21 N. Y., 234); *Dodge* v. *Gardner* (31 N. Y., 244); *Merrick* v. *French* (2 Gray, 420); *Bryant* v. *Goodrow* (5 Pick., 228); *Farrington Academy* v. *Allen* (14 Mass., 172).

Andrews, J. The writing, signed by the defendant and others, was not a contract with the plaintiff, nor was it an open authority to him or to any other persons to take legal proceedings in behalf of those executing it. The language of the instrument implies that the person signing it had a common interest in the action of the board of health, and a common right to be maintained in opposition to it. But it does not

import that they were jointly interested in conducting the business to which the action of the board related.

The agreement was the several undertaking by the subscribers to contribute to a common fund to maintain, by litigation, a general right asserted by them, upon which their separate interests depended.

The paper conferred no apparent authority on any one of the signers to bind the others by an agreement with counsel. Each of the subscribers had equal authority with the others, and also were entitled to be consulted in the selection of counsel, and as to the extent of the liability to be incurred in the proposed litigation.

The defendant was not bound by the act of Shuster and others in engaging counsel and fixing his compensation, unless he authorized or ratified it.

There is no direct proof that such authority was given. The plaintiff testifies that he was employed by two or three of the persons who signed the agreement to commence actions to establish the right claimed by the defendant and others. He had no communication with the defendant, but he speaks of the persons who employed him as having acted for the defendant, and as the committee appointed by the butchers.

It appears, however, by his subsequent testimony, that all the knowledge he had that a committee had been appointed to engage counsel was derived from the statement of the persons who employed him. This was mere hearsay, and before the defendant could be bound by their declarations or acts, the fact of their agency must have been established. There is no proof that, in fact, any committee was appointed by the subscribers for any purpose.

The general statement of the plaintiff that the committee who employed him acted for the defendant, if unchallenged, might have justified the finding that they acted by authority of the defendant. It would be assumed upon the statement, if no question had been raised.

But the defendant, on his motion for nonsuit, and at the close of the case, insisted that no appointment of a committee

Opinion of the Court, per ALLEN, J.

to act for him had been shown; and if the plaintiff designed to rest his case upon that fact, he was then called upon to furnish competent evidence to sustain it. This evidence was not given.

The court directed a verdict upon the assumption that it was proved, by uncontradicted evidence, that the employment of the plaintiff by the assumed committee was authorized by the defendant.

There was no competent proof that such authority existed, and the judgment should be reversed and a new trial granted.

All concurring, judgment reversed.