LOUISA BELTER, as Executrix &c. of John H. Belter, Deceased, Respondent, *against* HANNAH LYON *et al.* Appellants.

(Decided February 1st, 1886).

After a sale of real estate under foreclosure of a mortgage, the purchaser assigned his bid to the plaintiff, who immediately went into and remained in possession, paying taxes and making improvements of considerable value. The title being defective, the delivery of the deed was delayed until such defects could be removed; and when the title was perfected, and plaintiff sought to complete the purchase, defendant claimed that plaintiff was not the real purchaser, but only a mortgagee in possession, and had agreed, upon receipt of the amount claimed and interest and expenses incurred, to transfer the bid to defendant; and that plaintiff should account for rents and profits, and surrender the premises on payment of the balance due, or that the premises should be sold. All the parties appeared to have acquiesced in the delay after the sale; and there was no proof of any fraud or misrepresentation in reference to the sale, nor did it appear that defendant ever offered to comply with the conditions of the contract relied upon. *Held*, that the court had power to direct the referee to deliver to plaintiff a deed of the premises on payment of his fees and of attorney's fees which were a lien upon the judgment, and that lapse of time was, under the circumstances, no objection.

APPEAL from an order of this court denying a motion for an account of rents and profits and for the delivery of a deed of premises sold in proceedings to foreclose a mortgage.

The plaintiff foreclosed a mortgage which she held upon premises in the City of New York, and under a decree in foreclosure therein the same was sold on May 2nd, 1879, at public auction, for $2,100, to John H. Belter, her son, who subsequently assigned his bid to the plaintiff.

The defendant was present at the sale, and immediately thereafter the plaintiff went into possession and has so remained. She has since paid the taxes and made improvements exceeding $1,000. Since the sale the premises have greatly appreciated in value.

The sale was not consummated by the delivery of a deed from the referee, and the explanation of this fact was that

the title was defective, and, acting under the advice of her counsel, and, as she claims, with the assent of all the parties in interest, the delivery of the deed and the consummation of the purchase was delayed until such defects could be removed.

The title was finally perfected, and when the plaintiff sought to complete the purchase and to receive a deed of the premises, she was met with the objection by the defendant that she was not the real purchaser of the property, but was only a mortgagee in possession ; that she had entered into an agreement to buy in the property, and upon the receipt of the amount of her claim and interest and all expenses incurred by her that she would transfer her bid to the defendant Lyon.

To this claim the plaintiff answered that she had agreed to do so provided such payments were made within a year from the time of such purchase ; and that no such payment or tender was made by the defendant Lyon at the end of the year, and has never been made, though more than six years have elapsed.

The plaintiff claims that she was misled by her attorney, acted under his advice, and believed she would receive a deed of the property as soon as the legal defects in the title were cured. Subsequently she ascertained that the defendants treated the sale as invalid, and that an advertisement for the re-sale of the property was published by the referee. She procured a change of attorneys and applied to the court for an order directing the referee to deliver her a deed of the premises on payment of his fees and disbursements. A motion was made simultaneously by the defendant Lyon that plaintiff be ordered to account for rents and profits as mortgagee in possession and surrender the premises on payment of balance due, or that the premises be sold. An order was made by the court at Special Term denying the motion, but directing the referee to render the plaintiff's attorneys a statement of his fees and the expenses of the foreclosure herein ; and that upon the coming in and confirmation of the report of the referee to whom it was referred to take

proof and ascertain the amount due by the plaintiff to her former attorney, for his costs and legal services, and making the same a lien upon the judgment herein and the proceedings thereon, and upon the payment of such fees of the referee and such attorney, the referee was directed to deliver to the plaintiff a sufficient deed of the premises described in the judgment therein. From this order defendant Lyon appealed.

*Louis M. Doscher*, for appellant.

*Starr J. Murphy*, for respondent.

LARREMORE, Ch. J.—[After stating the facts as above.]— The parties to the suit appear to have acquiesced in the delay that followed the sale, of its absolute consummation. It does not appear from the record that any fraud was committed or any misrepresentation made in reference to the sale. The court had the power, in the absence of fraud, to issue such a direction to the referee (*Baring* v. *Moore*, 5 Paige 48, 53), and lapse of time, under the circumstances, was no objection (*Willets* v. *Van Alst*, 26 How. Pr. 325).

It may be seriously questioned whether the contract as alleged by the defendant Lyon is not void under the Statute of Frauds (*Wheeler* v. *Reynolds*, 66 N. Y. 227 ; *Lathrop* v. *Hoyt*, 7 Barb. 59).

But, as before stated, the parties seemingly acquiesced in the arrangement now sought to be carried out, and as there has been a part performance of the contract by the plaintiff in entering into the possession of the premises, and she has expended moneys thereupon, we think that the original contract should be carried out.

It does not appear that the defendant ever offered to comply with the conditions of the contract upon which she relies, or that there was any breach thereof by the plaintiff.

The order appealed from should be affirmed.

ALLEN and BOOKSTAVER, JJ., concurred.

Order affirmed.