SLEEMAN *v*. HOTCHKISS *et al*.

*(Supreme Court, General Term, First Department. January 16, 1891.)*

EQUITY—PLEADING—AMENDMENT—SUBSTITUTION OF LEGAL CAUSE OF ACTION.
    In an action to cancel a written contract and for other equitable relief, the plaintiff will not be permitted to amend his complaint by substituting a complaint for conspiracy.

Appeal from special term, New York county.

Action by Nathaniel Sleeman against Lewis Hotchkiss and others. Plaintiff appeals from an order denying an application for leave to serve an amended complaint.

Argued before BRADY and DANIELS, JJ.

*Raphael J. Moses, Jr.*, for appellant. *Henry Major*, (*E. Louis Lowe*, of counsel,) for respondents.

BRADY, J. The record discloses that this action was commenced in November, 1885; that the object was to cancel the written contract referred to, to compel the transfer of certain shares of stock, to procure an injunction, *pendente lite*, and to obtain the assessment of damages according to the rules and practice of the court, and for other and further relief. The original complaint was served in December, 1885. In 1886 an application was made upon the defendants' answers, and upon the complaint and affidavits for an injunction, which was denied. The plaintiff thereupon served an amended complaint in February, 1886. The defendants Paterson, Richardson, and the National Gas-Saving Company interposed separate answers. The cause was subsequently brought to trial at the equity term, and it was then and there conceded that two of the defendants, Hotchkiss and the gas-saving company, had not been served, had not appeared, and that no equitable relief could be granted against them. The complaint, as to them, was therefore dismissed, in so far as it prayed equitable relief. The plaintiff, notwithstanding all these circumstances, made no attempt to amend, but, after waiting for nearly two years, moved the cause for trial at circuit upon precisely the same pleadings as before. That trial was interrupted by the withdrawal of a juror, and it appears that at that time the defendant Hotchkiss had been dead for more than a year, and a discontinuance as against the gas-saving company had been entered. Without an effort to amend, the plaintiff again pressed the cause for trial in November, 1888, upon the same pleadings and issues. Objection was then and there taken, however, that no relief could be granted under the complaint as it then stood, which the court sustained, and gave the plaintiff permission to apply to the special term for leave to amend, which was granted.

with the alternative, however, that the defendants should have judgment on the merits in case the plaintiff failed to make the application or pay the costs of the circuit within 20 days after service of the order. The plaintiff subsequently moved to amend, and, it appears, not by making alterations in or additions to the original or amended complaint, but by attempting to substitute a cause of action purely legal, and substantially for a conspiracy. The motion was denied, for the reason that this was an attempt to change the cause of action, which, under the Code, the court had not the power to permit. The learned counsel for the appellant is therefore mistaken in his proposition that there was any inconsistency or any conflict in these various rulings. These proceedings are easily understood, and are all in consonance with very well established legal principles. Independently of this, there was great delay in the application for the amendment, the necessity of which was demonstrated by the proceedings which took place before application was made to accomplish it. In seeking to substitute an entirely new cause of action, the plaintiff was endeavoring to effect a legal impossibility. The order should be affirmed, with $10 costs and disbursements.