### Sleeman v. Hotchkiss et al.[1]

(*Supreme Court, General Term, First Department. February 18, 1892.*)

Equity—Amendment of Pleadings—Substituting Legal Cause of Action.

    An action of purely equitable cognizance between all the parties cannot be turned into a common-law suit because of allegations of facts in the complaint which might sustain an action at law against some of the defendants. *Sternberger* v. *McGovern*, 56 N. Y. 12, distinguished.

Appeal from circuit court, New York county.

Action by Nathaniel Sleeman against Lewis Hotchkiss and others to annul a contract, and for other relief. Plaintiff appeals from a judgment dismissing the complaint, and from an order directing judgment and granting an extra allowance. Modified. For former reports, see 13 N. Y. Supp. 98; 14 N. Y. Supp. 78; 16 N. Y. Supp. 308.

Argued before Van Brunt, P. J., and O'Brien and Patterson, JJ.

*Raphael J. Moses*, for appellant. *Henry Major*, for respondent Patterson. *Edward P. Simms*, for respondent Vernon. *John Aitken*, (E. Louis Lowe, of counsel,) for respondent Richardson.

Patterson, J. This is an appeal from a judgment directed at the circuit, dismissing a complaint on the merits, and also from what appears to be an order directing the judgment, and in which are stated, among other things, the peculiar circumstances under which that direction for judgment was given. The judge below dismissed the complaint on a concession of counsel "that by an order entered herein on November 15, 1888, this court at a previous circuit thereof has already decided that no relief can be granted to the

[1] For opinion on appeal from taxation of costs, see 18 N. Y. Supp. 533.

plaintiff under the complaint in this action, and that the said complaint should
be dismissed on the merits, unless the plaintiff paid the costs of the last-
named circuit and applied at special term for leave to amend said complaint;
and it having been also conceded that the plaintiff paid said costs and made
said application under and pursuant to said order, but that said application
was denied, and the order denying the same was affirm d at the general term
of this court on January 16, 1891." 13 N. Y. Supp. 93. It therefore clearly
appears that what induced the court below to dismiss the complaint was an
admission that certain anterior proceedings in the action were of such a char-
acter as in the mind of the learned judge required that course to be pursued.
On studying the record, we find that the complaint is one strictly drawn as
presenting a cause of action of purely equitable cognizance as between all the
parties. It was framed to present nothing but the alleged equities of Slee-
man, the plaintiff, under contracts with parties interested in the National
Gas-Saving Company, and to protect him from alleged wrongs intended to be
perpetrated on him by persons acting for him or in his interest, either as his
attorneys or being bound to him by some fiduciary relation. It is not neces-
sary to state in detail the alleged facts constituting the supposed cause of ac-
tion. It suffices that the complaint, in its structure, is one purely and sim-
ply presenting equities as against defendants who could not on the very facts
pleaded all be liable at common law, for all that is set forth therein; and on
the whole case as stated the relief demanded was only such as a court of equity
can award. As an equity cause it came up for trial at the special term be-
fore Mr. Justice VAN BRUNT in December, 1886. It then appeared that in
consequence of the non-service of process on certain of the defendants the
complaint must be dismissed, and that was done in so far as it prays for
equitable relief in this action. As nothing but equitable relief was prayed
for, that ought to have been enough to dispose of the whole case; but two
years later it came on for trial at circuit,—it evidently having been supposed
that there was enough in the complaint and answers to raise a common-law
issue against somebody,—to be tried by jury. Mr. Justice BARRETT, presid-
ing at the circuit, disposed of the whole case very properly on a simple in-
spection of the pleadings, and held "that, the court having inspected the com-
plaint, and having determined that no relief can be had thereunder," a juror
might be withdrawn, and the plaintiff was allowed to move at special term to
amend the complaint in compliance with certain terms imposed. This per-
mission was availed of, and the terms were accepted. Subsequently the mo-
tion made at special term was denied, an appeal was taken from the order,
and it was affirmed at the general term. 13 N. Y. Supp. 98. The learned
judge at the last trial evidently regarded the order made by Mr. Justice BAR-
RETT as concluding the plaintiff from bringing the case on again on the same
complaint; but, without holding that Judge BARRETT's decision is *res ad-
judicata,* it is quite plain that the complaint was properly dismissed. As
said before, it is drawn as one in equity, setting forth facts for equitable re-
lief against all of the defendants. The effort made was to turn it into a com-
mon-law suit against some of the defendants, because there are several alle-
gations of facts which might sustain an action at law against one or more of
such defendants. It was never intended to carry the rule of *Sternberger* v.
*McGovern,* 56 N. Y. 12, to that extent. That was an action for specific per-
formance, but the complaint also showed facts which would entitle the plain-
tiff to damages for a breach of contract in case the equitable remedy could
not be allowed; and it was held that under such circumstances, the equitable
cause of action failing, the defendant would not be put to a new suit, but
might recover his damages in that action. That is very far from holding
that, where an entire scheme of action is set forth against many defendants
for equitable relief, and nothing else, and the bill fails, the plaintiff may turn
t into a legal action against some one of the defendants, because as to him

certain facts are pleaded which might entitle the plaintiff to damages against that defendant. The judgment appealed from, so far as it dismissed the complaint, must be affirmed, but there is also an appeal from the order granting an extra allowance of $500. There was no foundation, we think, for such an allowance, and the judgment should be modified by deducting therefrom the amount thereof, and, as modified, affirmed, without costs.

O'BRIEN, J., concurs.

VAN BRUNT, P. J. I concur in the result. In so far as the complaint was dismissed upon the ground that the order of Mr. Justice BARRETT was a binding adjudication, an erroneous view of the effect of that order was taken. The question of the sufficiency of the complaint upon the last trial was unaffected by the order of Mr. Justice BARRETT, and should have been decided as though no such order had been made. I agree with Mr. Justice PATTERSON that no common-law cause of action was set out, and the complaint, therefore, properly dismissed.