LIZZIE J. CANDA, Respondent, v. JOHN TOTTEN, Appellant, Impleaded with Another.

*:Specific performance — verbal agreement for the sale of lands — principal and agent — consideration — part performance — resulting trust — the time when payment by the cestui que trust must be made — R. S. pt. 2, chap. 7, title 1, sections 6 and 8 (2 R. S. 134, 135).*

The partners in the firm of Canda & Kane made for the benefit of their creditors a general assignment of their property, including certain real estate, in which Lizzie Canda, the wife of the partner John M. Canda, had a right of dower.

The assignee being about to sell the realty, John Totten agreed with John M. Canda, who was acting in the matter as agent for his wife, that he would attend the sale, buy the property for the wife, take the title in his own name and subsequently convey it to Mrs. Canda. This agreement was verbal and no money with which he could make the purchase was furnished to Totten, who, however, bought the property with his own money and received a deed. On

the following day he was handed by John M. Canda the amount of his bid and ten dollars in addition. Totten took the money, which he did not, however, consent to accept, and put it in his bank, and having refused to convey to Mrs. Canda, she brought this action to compel him to do so.

*Held,* that there was no consideration for Totten's promise; no consideration of benefit having moved to the promisor nor any of detriment to the promisee;

That the verbal agreement for the sale of lands was in direct violation of the Statute of Frauds;

That there was no part performance to take the contract out of the operation of the statute;

That a mere tender of the purchase money by Mrs. Canda after the sale, not accepted by the defendant, did not constitute part performance;

That if, in any view of the facts, they could be assumed to raise a resulting trust in favor of Mrs. Canda, the payment attempted to be made by her was insufficient to create such a trust, because it was essayed after the purchase by the defendant was completed.

APPEAL by the defendant, John Totten, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of October, 1894, upon the decision of the court, rendered after a trial at the Kings County Special Term, directing the specific performance of a verbal agreement for the sale of certain lands, and also from a decision of the justice who tried the action, filed in said clerk's office on the 23d day of August, 1894.

The plaintiff was the wife of John M. Canda, a partner in the firm of Canda & Kane. She did not join in the assignment for the benefit of creditors made by that firm and was entitled to dower in the premises in question.

*Julius H. Seymour,* for the appellant.

*George V. Brower* and *Wm. C. Davidson,* for the respondent.

DYKMAN, J.:

It is the object of this action to obtain a judgment which shall require the defendant to convey to the plaintiff four lots of land in the city of Brooklyn.

The cause has been tried before a judge of this court without a jury and decided in favor of the plaintiff, and the defendant John Totten has appealed from the judgment entered upon such decision.

According to the claim of the plaintiff the facts of the case are

these : The defendant John Totten made a parol agreement with the husband of the plaintiff, who was acting for her, that he, the defendant, would attend a sale of real property which was to be made by the assignee of Canda & Kane, and buy the same for her; take the title therefor in his own name, and then convey the same to the plaintiff. There was no written agreement, and the defendant was furnished with no money with which to make the purchase.

The defendant attended the sale, which was a public auction, and bought four parcels of real property for $540. He paid the auctioneer's fee of $20 on each lot, and twenty-five per cent upon the amount of his purchase with his own checks; one for $80 and the other for $135. That was on the 15th day of February, 1894, and on the twenty-seventh day of the same month the defendant paid the balance of the purchase money and received deeds of conveyance for the lots in his own name.

On the following day the husband of the plaintiff went to the office of the defendant and handed him an envelope containing $620, and gave him $10 besides. There is no proof that the defendant John Totten consented to accept the money, and he says he did not consent to do so. He took the money and placed it in his bank. The husband says he then requested the defendant to make a deed to the plaintiff.

We have taken the version of the parol agreement, and of this last transaction respecting the money left with the defendant from the testimony of the plaintiff's husband, because it is the most favorable to her, although the defendant in his testimony gives a very different version of both. In respect to the other facts which we have stated there is no dispute.

It is to be observed preliminarily that there is no consideration shown for the agreement. There was neither loss nor harm to the plaintiff nor benefit to the defendant. The plaintiff surrendered no right and the defendant John Totten acquired no privilege thereby. The plaintiff was at liberty to attend the sale and buy the property after the agreement, and it was the right and privilege of the defendant to attend the sale and buy the property without the agreement.

There is no proof that the plaintiff omitted to attend the sale or to procure the attendance of others in reliance upon the agreement.

There was no allegation in the complaint, and no proof upon the trial, of any fraud practiced upon the plaintiff by the defendant.

The question presented for solution under the foregoing facts is whether a court of equity will enforce the performance of a parol agreement between these parties whereby the defendant John Totten undertook to attend the public sale of the land in question, buy the same thereat, pay for it with his own money, take the title in his own name for the benefit of the plaintiff, and then convey the property to the plaintiff.

The answer to the question depends primarily upon the contract. If that be valid the answer will be in the affirmative. If invalid in the negative.

The contract must be tested by the statutes relating to fraudulent conveyances and contracts in relation to lands.

The particular sections applicable to this case are these: " Section 6. No estate or interest in lands other than leases for a term not exceeding one year, nor any trust or power, over or concerning lands, on in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing."

" Section 8. Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made." (2 R. S. 134, 135.)

As we have already seen, the agreement was that the defendant should convey the land in question to the plaintiff, after he had bought it, and that contract falls directly under the condemnation of section 8 of the statute, which declares that such contracts shall be void unless the contract or a note or memorandum thereof, be in writing.

The agreement between the parties was, therefore, void, and the defendant was under no legal obligation for its performance. Neither can it be successfully claimed that the agreement created a trust which the defendant John Totten was bound to execute, because

the 6th section of the statute condemns parol trust in land, and no such agreement relating to such trusts will ever be enforced in equity. (*Sturtevant* v. *Sturtevant*, 20 N. Y. 39.)

Even where courts of equity intervene to enforce the performance on the ground of fraud, such intervention is not for the purpose of upholding or enforcing the parol trust, but for the purpose of relieving against fraud. That end is attained by treating the perpetrator of the fraud as a trustee *ex maleficio*, and not a trustee by virtue of the parol agreement. A breach of such a contract for the sale does not create a trust, and a party commits no fraud by refusing to perform a void contract, because in a legal sense he has made no contract.

It is to be observed further that the plaintiff here makes no complaint of the conduct of the defendant John Totten in making the purchase of the property. That was in accordance with her version of the agreement. The defendant John Totten, therefore, committed no wrong at the sale. It is the subsequent breach of the contract of which the plaintiff complains, but it cannot be successfully contended that a breach of the promise will impress a trust or create any obligation which the contract itself was insufficient to impose. The foregoing views are sustained and the principles laid down in the cases of *Lathrop* v. *Hoyt* (7 Barb. 59); *Levy* v. *Brush* (45 N. Y. 590); *Wheeler* v. *Reynolds* (66 id. 229) and the cases cited in the opinion in the last case. (*Bauman* v. *Holzhausen*, 26 Hun, 505.)

In relation to the case of *Ryan* v. *Dox* (34 N. Y. 307), which is invoked by the plaintiff in this case, it is sufficient to say that the case is so unlike the present one as to be incapable of application here. It is true there was in that case, as in this, an offer of performance, but if the statute can be avoided in that way it is practically a nullity. (*Levy* v. *Brush*, 45 N. Y. 597.)

It is further insisted that the contract has been partially performed, and, therefore, the court should decree its specific performance.

We must, therefore, see whether there has been any performance of the agreement.

There has been no payment of the purchase money, for although the husband of the plaintiff left the money with the defendant, he never agreed to accept it. There can be no payment without an

acceptance of the money. The very term implies a concurrence of two minds. The mere tender of payment constitutes an offer only, and all that distinguishes a payment from a tender is acceptance.

What money the plaintiff has paid was without the assent of the defendant John Totten; she was a volunteer in the matter, and we suppose the term "part performance" in the statute requires action with the assent of both parties; especially must that be so in relation to expenditures upon the property. (*Freeman* v. *Freeman*, 43 N. Y. 39.) In any view, however, if there was a payment after the purchase of the defendant John Totten was completed, it would be of no avail. (*Botsford* v. *Burr*, 2 Johns. Ch. 405.)

After a most thorough examination we are unable to affirm this judgment. In no view has the plaintiff any cause of action against the defendant. He has not induced the plaintiff to do one single act, and he has not placed himself under any legal obligation to her. He has not induced her to pay any money or make any expenditures in any way or for any purpose.

In short, the plaintiff has lost no money and has been placed in no disadvantageous position by reason of any act or inducement of the defendant.

It is claimed on behalf of the plaintiff that the retention of the property by the defendant and his refusal to convey the same to the plaintiff was the result of a change of his original purpose, but if it was and he did change his design he had a legal right to do so. Courts speak for the law and not for morals.

This case is a good illustration of the wisdom of the Statute of Frauds. We have adopted the plaintiff's version of the contract, but the defendant denied in positive terms that he made such an agreement, and his testimony is quite as natural and quite as consistent with the motives which actuate men in affairs of business as that of the plaintiff's husband.

So far as our researches have extended, the decisions of the courts in cases analogous to this have been uniformly in accordance with our conclusion. In the case of *Lathrop* v. *Hoyt* (7 Barb. 59), where the defendant, at the plaintiff's request, agreed by parol that he would go and attend a sale of the plaintiff's farm under a decree of foreclosure; that he would bid off the premises and take a deed in his own name; that he would give the plaintiff an opportunity

to repay him the amount of his bid, and have a reconveyance of the premises, and that the plaintiff should have two weeks' notice to pay the amount, and the defendant accordingly bid off the farm and took a deed in his own name, it was held that the agreement was void as being within the Statute of Frauds, and would not support an action.

That decision was approved in the case of *Wheeler* v. *Reynolds* (*supra*) more than twenty-five years after it was made, and ten years after the decision of the case of *Ryan* v. *Dox* in the same court.

Judge Story, in his erudite and exhaustive work on Equity Jurisprudence, promulgated the same rule in the following language : "Where a man employs another person by parol as an agent to buy an estate for him, and the latter buys it accordingly in his own name and no part of the purchase money is paid by the principal, there, if the agent denies the trust, and there is no written agreement or document establishing it, he cannot, by a suit in equity, compel the agent to convey the estate to him, for   *   *   *   that would be decidedly in the teeth of the Statute of Frauds." (2 Story's Eq. Juris. § 1201a.)

The same doctrine was laid down by Chancellor KENT more than seventy-five years ago, in the case of *Botsford* v. *Burr* (2 Johns. Ch. 405.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

BROWN, P. J., concurred.

CULLEN, J. :

I concur. The principle of *Ryan* v. *Dox* (34 N. Y. 307) and *Carr* v. *Carr* (52 id. 251) has no application to this case. In the cases cited the party in whose favor the agreement to purchase was made had an interest to protect at the sale, and the purchaser under this agreement became merely a mortgagee. This distinction is well pointed out in *Bauman* v. *Holzhausen* (26 Hun, 505), decided by the General Term of this department. Here the plaintiff had no interest in the property sold. She had not joined in the assignment, and her dower could not be divested by the sale. To justify a decree in her favor she was bound to show such a part performance as would take the case out of the Statute of Frauds. This has

not been found by the trial court, the decision being based solely on the original contract. The judgment, therefore, should be reversed and a new trial had.

Judgment reversed and new trial granted, costs to abide event.