amend order of reversal granted, and leave granted to appeal to the Court of Appeals.
Daniel Mahoney v. Jarvis McWalters.—Motion for reargument granted.
Lizzie J. Canda v. John Totten.—Motion to resettle order of reversal granted.
The Noyac Cottage Association v. Newton E.

Whiteside.—Motion to resettle order denied, without costs.
The Noyac Cottage Association v. Henry G. Atwater.—Motion to resettle order denied, without costs.
The Noyac Cottage Association v. Lucius J. Whitney.—Motion to resettle order denied, without costs.

# First Department, December Term, 1895.*

Emma Gutman, Respondent, v. The New York Elevated Railway Company and Another, Appellants.—Judgment reversed and new trial ordered before another referee to be appointed by this court, with costs to appellants to abide event. —
Per Curiam: It seems to be conceded by the respondent that evidence, and upon an examination of the record a considerable amount thereof, was admitted in this action for the purpose of proving damage, of a character which was condemned by the Court of Appeals in the case of *Jamie on* v. *Kings Co. El. R'* Co., recently decided. It is impossible for us to say that such evidence did not influence the referee, or that he would have come to the same conclusion had it not been presented before him for consideration. It may be true that the evidence in question was of a character such as has been presented in various of these cases which have been affirmed by the Court of Appeals. But that court seems in the case last decided to have finally come to the conclusion that it is necessary to enforce the rules of evidence which commonly obtain, even in an elevated railroad case in this city; and we see no reason for dissenting from this conclusion. The case at bar, as already stated, is clearly within the rule laid down in the *Jamieson* case, and the judgment must, therefore, be reversed and a new trial ordered before another referee to be appointed by this court, with costs to the appellants to abide the event. Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Martha Keesy, Appellant, v. John F. Dimon and Others, Respondents.—Judgment affirmed, with costs, on opinion at Special Term.
The Board of Home Missions, etc., and Another, Appellants, v. The Mayor, Aldermen and Commonalty of the City of New York, Respondent.—Judgment affirmed, with costs, on opinion of Special Term.
The Mercantile Trust Company, Appellant, v. The Atlantic Trust Company, Respondent.—Order to be entered reversing order appealed from, unless defendant give security, to be fixed upon application to Special Term. See *Mem. Per Curiam.*
The People of the State of New York ex rel. John G. Zuckschwerdt, Appellant, v. James J. Martin and Others, Respondents.— Writ dismissed, with costs. No opinion.
Abbie S. Nash and Others, Appellants, v. Hall Signal Company and Others, Respondents.— Motion granted.
In the Matter of an Application for the Removal and Disbarment of an Attorney.— The attorney suspended for six months.
Thomas G. Patterson, Respondent, v. John P. McGovern, Appellant.— Judgment affirmed, with costs. No opinion.
Edward D. Farrell, Respondent, v. The Manhattan Railway Company and Another, Appellants.—Judgment modified by reducing

the fee damage to $6,500 and the allowance to $400, and as modified affirmed, without costs. No opinion.
Anson B. Stewart and Others, Respondents, v. The New York Elevated Railway Company and Another, Appellants.—Judgment modified by reducing the rental damage to $750 and the extra allowance to $75, and as modified affirmed, without costs. No opinion.
Ferdinand Beinhauer, Respondent, v. Manhattan Railway Company and Another, Appellants.—Judgment modified by reducing the fee damage to $1,000, the rental damage to $800, and extra allowance to $90, and as so modified affirmed, without costs. No opinion.
The People of the State of New York ex rel. The American Flag Company, Respondent, v. Edward P. Barker and Others, Appellants.— Order affirmed, with costs and disbursements upon opinion of court at Special Term.
John Corse and Others, Trustees, etc., Plaintiffs, v. Sarah M. Chapman and Others, Defendants.— Motion for new trial denied, with costs. No opinion.
In the Matter of Thomas Simpson, Plaintiff, v. Abram Kling, Defendant.— Motion denied, with ten dollars costs.
Maria H. N. Bartlett, as Executrix, etc., Respondent, v. William W. Goodrich, as Assignee, etc., Appellant.—Judgment affirmed, with costs.--
Per Curiam: From July 15, 1890, to May 24, 1894, the date of the death of Edward B. Bartlett, the legal title to the policies of insurance on his life was in him, and on his death it passed under his will to the plaintiff. The defendant insists that the equitable title to the policies was in the firm of E. B. Bartlett & Co. They never were assigned to the firm; but, in March, 1887, they were assigned by Edward B. Bartlett to Albert C. Woodruff and Henry C. Nitchie in equal shares, who, with Bartlett, were the partners composing the firm of E. B. Bartlett & Co. The legal title remained in Woodruff and Nitchie until July 15, 1890, when they reassigned the policies to Bartlett. The plaintiff is the representative of Bartlett and his creditors, and the defendant is the representative of the creditors of the firm of E. B. Bartlett & Co. and of the individual creditors of Woodruff and Nitchie, and the equities of these litigants must be worked out through the equities of the individual partners as between themselves and the firm. It is very clear that as between the three partners Bartlett was the equitable as well as the legal owner of these policies as he was between himself and the firm. The firm was at all times largely indebted to him, and at the time of his death in the sum of upwards of $127,000, and there was no obligation on his part, legal or equitable, to relinquish his individual title to the policies in favor of the firm or in favor of Woodruff and Nitchie.