(54 App. Div. 49.)

WHEELER et al. v. HALL et al.

(Supreme Court, Appellate Division, Second Department.   October 6, 1900.)

1. STATUTE OF FRAUDS—ORAL CONTRACT FOR SALE OF LAND.

An oral agreement between plaintiffs and their father that he should purchase certain land in his own name for their benefit is void under the statute of frauds, where plaintiffs furnished no money, and parted with no consideration; and will not support an action for the recovery of the land after the father purchased the same with his own funds.

2. VENDOR AND PURCHASER—CONDITIONAL SALE—VALIDITY OF ORAL CONDITION.

In such case the father, after purchasing the land at a public sale, and making a payment thereon, entered into a written contract by which he transferred his rights therein to defendant in consideration of a sum in excess of the amount he had advanced, which sum defendant paid. Held, that the fact that the contract was delivered to defendant under an oral agreement that, if plaintiffs refused to consent thereto, defendant should reconvey the land on repayment of the consideration paid by him, together with a stipulated bonus, did not give plaintiffs any right of action to recover the land, the agreement being without consideration, since they had no rights in the land which rendered their consent to its sale necessary.

3. PLEADING—AMENDMENT OF COMPLAINT—CHANGING CAUSE OF ACTION.

Code Civ. Proc. § 723, which authorizes an amendment of a pleading to conform to the facts proved, "where the amendment does not change substantially the claim or defense," does not authorize a court to permit an amendment of a complaint after trial so as to state a cause of action, where none was stated in the original complaint.

Appeal from special term.

Action by Irving Wheeler and Leonard H. Wheeler against Rutsen Hall and others, executors, and David Moore.   Judgment for plaintiffs, and defendant Moore appeals.   Reversed.

Argued before GOODRICH, P. J. and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Stephen G. Guernsey and Frank B. Lown, for appellant.

C. Morschauser, for respondents.

WOODWARD, J.   The plaintiffs are nephews, entitled to a legacy under the last will and testament of Leonard D. Hall, who was the owner, at the time of his death, of the real estate involved in the present action.   By the terms of this will the executors of the said Hall were empowered to sell the real estate, and the property now in litigation was offered for sale at public auction on the 27th day of April, 1899.   It appeared upon the trial that the plaintiffs entered into a parol agreement with their father, Shandanette Wheeler, to act as their agent in the purchase of this property; that the said Shandanette Wheeler did appear and purchase it, paying $200 upon the purchase price, the remainder to be paid upon the completion of the transaction on the 15th of May following.   Subsequently, and on the 3d day of May, with knowledge of the facts on the part of the defendant Moore, Shandanette Wheeler entered into the following agreement in writing:

"Clove Valley, May 3rd, 1899.

"I hereby agree to sell to David V. Moore the farm known as the 'Riley Morey Place,' which I bid off at public sale April 27th, 1899, for fifteen hundred

66 N.Y.S.—17

dollars. I hereby acknowledge having received a check for three hundred and ten dollars from David V. Moore, being for two hundred ($200) dollars paid on place, and one hundred and ten dollars profit.     Shandanette Wheeler."

On the same day the following paper was made and executed:

"Clove Valley, May 3, 1899.

"To the Executors of the Estate of Leonard D. Hall: Object of this is to notify you that I have sold the Riley Morey farm to David V. Moore, and you will please deed the farm to him on his complying with conditions of sale.
"Shandanette Wheeler."

On the 8th day of May the following telegram was sent:

"South Dover, N. Y., May 8th, 1899.

"Hackett & Williams: The Morey farm that I bought at the sale, please make the deed to Dave Moore, and he to pay you thirteen hundred.
"Shandanette Wheeler."

It further appeared from the evidence, and the learned court finds as a matter of fact, that "the delivery of said assignment was conditional, and upon the express condition, then and there made between the said Shandanette Wheeler and said David Moore, that the assignment was to have no effect if not satisfactory to these plaintiffs, and that then, upon the payment of fifty dollars in addition to the sum of three hundred and ten dollars, which was then paid by said Moore to said Shandanette Wheeler, the said assignment was to be of no effect, and have no force; and that such assignment of such bid, signed by said Shandanette Wheeler, was never delivered to said David Moore, but was a conditional delivery, conditioned upon the consent of these plaintiffs." The learned court, in a memorandum, holds, upon the authority of Canda v. Totten, 87 Hun, 72, 33 N. Y. Supp. 962, that the contract between Shandanette Wheeler and the plaintiffs was void under the statute of frauds, and that when the father sold to Moore he had the right to do so, and that there was no such partial performance of the contract as to take it out of the operation of the statute, and that the plaintiffs had so far failed to make out their case. Canda v. Totten, supra, cited by the court in support of the proposition that the contract was void under the statute of frauds, was reversed (157 N. Y. 281, 51 N. E. 989), but it does not affect the question as presented in this case. The reversal was based upon the proposition that, "while there was no note or memorandum of the agreement in writing signed by the parties, as required by the provisions of the statute of frauds, there was a performance of the agreement on the part of the plaintiff, and acceptance thereof by the defendant, and this fact operated to take the case out of the statute." In the case at bar, as found by the learned court, there was no performance of any part of the contract on the part of the plaintiffs. They had parted with nothing whatever, either to Shandanette Wheeler or to defendant, and there was nothing to give the plaintiffs any rights in the premises.

The court holds, however, that the delivery of the contract was conditional, that it depended for its validity upon the consent of these plaintiffs, and some time subsequent to the decision the plaintiffs were permitted to amend their complaint to conform to the proofs. This issue was not raised by the pleadings. The right of the plaintiffs to

recover was based upon the alleged contract between them and Shandanette Wheeler, and, as this contract was void under the statute of frauds, it is the same as though no contract had ever been made. If there was no contract, then the plaintiffs' complaint did not state a cause of action, and we are clearly of opinion that there is no warrant in section 723 of the Code of Civil Procedure for an amendment of the complaint which will give a cause of action where none was stated in the original pleadings. The Code provision is that, "where the amendment does not change substantially the claim or defense," the pleadings may be changed to conform to the facts proved; but to so change the pleadings after the trial as to give the plaintiffs a cause of action where none is set up in the pleadings is a material change in the claim of the plaintiffs, and cannot be supported. "Pleadings and a distinct.issue," say the court in Southwick v. Bank, 84 N. Y. 420, 429, "are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." It was error to permit the amendment of a complaint to give a cause of action where there was no foundation for a judgment without such amendment.

Upon the merits of the question, however, we are unable to agree with the learned court below. The contract between Shandanette Wheeler and the plaintiffs being void, the purchase of the property by Shandanette Wheeler had no relation whatever to the plaintiffs. They had no interest in this real estate. Their interest was in a legacy left by the will. They have lost no rights, and have paid no money, by reason of the transaction. If, therefore, Shandanette Wheeler owed the plaintiffs no duty, he was at liberty to enter into the contract of sale with the defendant Moore. That contract was made between competent persons, for a good and sufficient consideration, showing a net profit to Wheeler of $110. If the contract which is attempted to be made collateral to the written agreement be deemed to be established, it does not justify the conclusion that the delivery was conditional. The contract of sale between Shandanette Wheeler and Moore was complete upon its face; and the payment of $310, the receipt of which is acknowledged, entitled Moore to an immediate and unconditional delivery of the contract. If there was a collateral contract that defendant Moore should reconvey upon the repayment of the $310, with an additional sum of $50, by the plaintiffs, there is nothing in the case to show that Shandanette Wheeler was in a position to make this contract for the plaintiffs, and it was without consideration, either from the plaintiffs or from Shandanette Wheeler. If the delivery of the contract was not absolute, then the defendant Moore had no right to the $50 which the plaintiffs concede to have been due to him as a condition precedent to their right to repay his investment, and to take the property purchased at the auction sale; and the refusal of the defendant to accept this tender leaves the plaintiffs without any legal rights in the premises. While there are contracts between parties, made for the benefit of third persons, which may be enforced by the party in whose interest

the agreement is made, this parol contract, for which no consideration moved from Shandanette Wheeler or from the plaintiffs to the defendant Moore, is not one of the class, and no authority is pointed out to sustain this contention of the plaintiffs. We have carefully examined the authorities cited, and none of them applies to the facts in this case, or warrants any other conclusion than that the defendant Moore purchased, for a good and sufficient consideration, all of the rights to the property in question which were purchased by Shandanette Wheeler at the auction sale, independently of the plaintiffs, who have no rights, either legal or equitable, in the premises. The plaintiffs could not have forced Shandanette Wheeler to convey the property to them (Canda v. Totten, supra, citing 2 Story, Eq. Jur. 1201), and, the latter having sold the property to the defendant, the plaintiffs gained no new rights by reason of that transaction. They probably wanted the property, and it may be that Shandanette Wheeler was under some moral obligation to give them an opportunity to purchase it of him; but the moral delinquencies of plaintiffs' father can give them no rights as against the defendant Moore, who has paid his money as a consideration for the execution and delivery of a contract which it is conceded Shandanette Wheeler had a legal right to make. The judgment and order appealed from should be reversed, and judgment should be entered directing the executors of the estate of Leonard D. Hall to execute a conveyance of the premises to defendant Moore upon his complying with the terms of the sale.

Judgment and order reversed, with costs. All concur.