WILLIAM D. STRATTON, as Substituted Receiver, etc., of the Firm of
SMITH & HANFIELD, Respondent, v. THE CITY TRUST, SAFE
DEPOSIT AND SURETY COMPANY OF PHILADELPHIA, Appellant.

*Pleading — amendment of a complaint against a surety on a receiver's bond.*

The complaint in an action brought by the substituted receiver of a firm, to
charge the surety upon his predecessor's bond with liability under such bond,
alleged that upon an accounting by the receiver before a referee it was found
that he had in his hands a certain sum of money and that he had neglected to
pay over the amount of such money to the substituted receiver. Upon the
trial, but before any material steps had been taken, the defendant raised the
objection that, not having been given notice of the proceedings for the receiver's
accounting, it was not bound by the findings of the referee. The court there-
upon adjourned the trial to give the plaintiff an opportunity to amend his
complaint. The amended complaint alleged, in addition to the allegations of
the original complaint, that the receiver had appropriated to his own use
property of the firm, thus establishing liability on the part of the surety
independently of the account as stated by the referee.

*Held*, that the court had power, under section 723 of the Code of Civil Procedure,
to permit the plaintiff to so amend his complaint.

APPEAL by the defendant, The City Trust, Safe Deposit and
Surety Company of Philadelphia, from an order of the Supreme
Court, made at the Orange Special Term and entered in the office of
the clerk of the county of Orange on the 21st day of October, 1901,
granting the plaintiff's motion for leave to serve an amended com-
plaint, and also from an order entered in said clerk's office on the
26th day of October, 1901, modifying the first above-mentioned
order.

*Frederic J. Swift*, for the appellant.

*Thomas Watts*, for the respondent.

WOODWARD, J.:

This action was brought on the 14th day of November, 1900, to
recover the sum of $10,000 from the defendant as surety upon a
bond in behalf of Monroe B. Washburn, as receiver of the firm of
Smith & Hanfield, said bond running to the People of the State of
New York. Issue was joined on the 11th day of February, 1901,

and the action was noticed for a Trial Term of the Supreme Court to be held at the city of Newburgh, and was set down for trial on the 9th day of April, 1901. The case passed through various notices, stipulations, etc., and was finally adjourned to September twenty-third, to be tried before the court, without a jury, in the borough of Brooklyn. On the day set for trial an effort was made to have the matter sent to a referee, but this was objected to on the part of the defendant, and it was urged that the action was in the nature of an action upon an account stated, rather than an action upon a bond under the pleadings as they then existed. The plaintiff's attorney asked leave to amend his complaint, which was objected to by the defendant. The learned court adjourned the hearing to give the plaintiff an opportunity to amend his complaint, this being objected to on the part of the defendant, and subsequently the plaintiff served a notice of motion to amend, and from the orders resulting, appeal comes to this court.

We are of the opinion that the learned court has acted within the discretion permitted by section 723 of the Code of Civil Procedure, and that the amended complaint does not deprive the defendant of any substantial right. The defendant became surety for the substituted receiver, Monroe B. Washburn, the condition of the obligation being that " if the above bounden Monroe B. Washburn shall account for all money that may come into his hands as such substituted receiver, and faithfully discharge all his duties as such receiver, then this obligation to be void," etc. The original complaint sets forth the appointment of Washburn, the subsequent giving of the bonds and an accounting before a referee, who found that Washburn had in his hands as such receiver, and should pay over, the sum of $17,844.50, and the confirmation of this report of the referee. It further alleged that although the order had been served upon Washburn the latter had failed to pay over to the plaintiff, as substituted receiver, the amount so found to be due, and that a demand had been made upon the defendant and payment of the amount of the bond had been refused, etc.

The defendant urged, at the time of the trial, that not having been given notice of the proceedings for an accounting on the part of Washburn, it was not bound by the findings of the referee, and it was to meet this objection that the plaintiff was given time to

apply for an amendment to his complaint. The amended complaint makes the same allegations as the original complaint, and alleges in addition that Washburn has received and appropriated to his own use the amount of the proceeds of the property of the firm of Smith & Hanfield, thus showing misconduct on the part of Washburn and liability on the part of the defendant under the bond, independently of the account as stated by the referee. There is no doubt that the plaintiff would have a right to make this complaint in the first instance; that he might have made such an amendment as of course any time before the defendant's time for answering expired (Code Civ. Proc. § 542), and we know of no reason why, under the broad provisions of section 723 of the Code, the court might not permit the plaintiff to insert an allegation material to the case. While technically, perhaps, the case was on trial, no material steps had been taken, and the case will be tried upon the amended pleadings, exactly as though the complaint as now appearing had been so from the commencement of the action.

The case is thus presented in a very different light from those cited by the appellant, where the amendments have been made, or attempted, after the case had been tried, and have materially interfered with the rights of parties. In the matter now before us the plaintiff had attempted to state a cause of action to hold the defendant liable as a surety upon the bond of Washburn. This complaint was good, but it appeared that the notice required by section 715 of the Code of Civil Procedure had not been served upon the defendant, so that the latter could not be bound by the account stated by the referee, and further facts were necessary to charge the defendant with liability. Misconduct on the part of Washburn constituted a breach of the contract of suretyship, and this is substantially the change made in the pleadings. It is not entirely clear that a new cause of action is stated, simply an elaboration of the cause of action stated in the original complaint. Upon the trial the defendant will have an opportunity, if desirable, to look into the accounts of Washburn in order to determine its liability (*Thomson* v. *MacGregor*, 81 N. Y. 592; *Thomson* v. *American Surety Co.*, 56 App. Div. 113, 120), and this is all that may be fairly expected on the part of the defendant. In *Wheeler* v. *Hall* (54 App. Div. 49, 52) we said that we were of "opinion that there is no warrant

in section 723 of the Code of Civil Procedure for an amendment of the complaint which will give a cause of action where none was stated in the original pleadings," but this was said in reference to a case where the amendment was made after the evidence was in, and for the purpose of making the pleadings conform to the proof. In that case we said : " It was error to permit the amendment of a complaint to give a cause of action where there was no foundation for a judgment without such amendment " (p. 53), which is quite another matter from amending a complaint before the trial of the issues, so that the plaintiff would have a right to recover under the facts as they may be assumed, for the purposes of this appeal, to exist. So in *Sleeman* v. *Hotchkiss* (36 N. Y. St. Repr. 540) it was held that the court properly refused, after long delays, to permit the amendment of an equitable action so that it should appear as a legal action, and practically for a conspiracy ; but we find no case in which an appellate court has interfered with the discretion of a trial court in permitting an amendment before the trial of the issues where the amendment simply elaborated the statement of facts consistently with the general scope of the action.

The order appealed from should be affirmed, with costs.

All concurred, except GOODRICH, P. J., taking no part.

Order affirmed, with ten dollars costs and disbursements.