1828.

Jenkins
v.
Jenkins.

[*243]

---

## JENKINS AND ANOTHER *v.* JENKINS AND OTHERS.

Where there has been negligence or improper conduct on the part of a trustee, and the fund is in danger, the appointment of a receiver upon the application of the *cestui que trust* is a matter of right.

In this case, *J. Sudam*, on behalf of the complainants, who were heirs and legatees, moved for the appointment of a receiver upon the ground of the insolvency of the executors of the estate, and of their misapplication of the property in their hands belonging to such estate.

*J. King* and *H. Bleecker*, contra, contended that the office of executor was a personal trust, and unless the fund was

1828.

Jenkins
v.
Jenkins.

in great danger, as in case of the insolvency or insanity of the executors, a receiver would not be appointed. (*The Orphan Asylum Society of the city of New York* v. *McCartee and others*, 1 Hop. R. 435; 12 Ves. 4; 14 Ves. 216, 266.)

THE CHANCELLOR :—The appointment of a receiver rests in the discretion of the court in all cases where executors have become bankrupt, or wasted, or misapplied the assets, or where any part thereof has been lost through their misconduct or negligence.[1]  *Taylor* v. *Allen*, 2 Atk. 213; *Andrews* v. *Powys*, 2 Bro. P. C. 476.  Anonymous, 12 Ves. 4; *13 Ves. 266.)  And if the fund is in danger, it is a matter of right to have a receiver, whenever there has been any negligence or improper conduct on the part of the trustee.[2]  In this case there has been great and unnecessary delay and negligence in closing the administration of this estate.  From the affidavit read on the part of the defendants, some of the heirs have received and been permitted to retain large sums over and above their distributive share. Some of the executors, at least, have misapplied the funds belonging to the estate, and three out of the four are insolvent.  A receiver must therefore be appointed as it respects them, if the solvent executor consents to act with such receiver; and if he does not consent to such appointment, it must be referred to a master to appoint a receiver generally. And the executors must deliver over to such receiver on oath, under the direction of a master, all books, vouchers, securities and title deeds belonging to the estate in their custody, or under their control, and all property and moneys in their hands belonging to the estate.

[*244]

[1] As a general rule, an order for a receiver will not be granted, *ex parte*, except under urgent circumstances.  See *Sandford* v. *Sinclair*, 8 Paige, 373; *Gibson* v. *Martin*, 8 id. 481.

[2] See Hill on Trustees, 212; *Havers* v. *Havers*, Barn. 23; *Bainbriggs* v. *Blair*, 10 Law Journ. (N. S. Chanc.) 193; *Calhoun* v. *King*, 5 Ala. 523; *Beverly* v. *Brooke*, 4 Gratt. 208.