Pratt and Dykman, JJ., concurred.

Judgment and order denying motion for new trial affirmed, with costs.

William D. Strong and Another, Respondents, *v.* Julia D. Harris and Others, Appellants, Impleaded with Others.

*An agreement that heirs at law of a testator should share equally in his estate conveys no title — jurisdiction of Surrogates' Courts over personal property — action for an accounting against executors not maintainable in courts of equity — partition of the real and personal property of a testator — specific performance of a contract not decreed therein — condition as to a contest over the will.*

Where a testator by his will devises all his estate, real and personal, after making certain specific bequests, to certain of his children, an agreement made between the children of the deceased to share his estate equally is, in respect to the land, a mere executory contract. It conveys no title and does not constitute the signers joint tenants or tenants in common of the land of which their father died seized.

The custody and possession of the personal estate of a testator is given by law to his executors, and the jurisdiction to direct and control their conduct and settle their accounts is conferred upon the Surrogates' Courts. A court of equity will not interfere in such cases nor can an action in equity, which seeks no other relief than a distribution of a testator's personal estate among those entitled thereto, be maintained unless there is some question in regard to the construction or validity of the provisions of the will or some question as to the enforcement of a trust. When complete relief can be obtained in the Surrogate's Court, courts of equity will decline to entertain an action for an accounting or other relief against executors.

While an action can be maintained for the partition of the specific personal property owned in common by two or more parties, or for the sale of a chattel and a distribution of the proceeds, an action is not maintainable in equity which would remove from the custody of the executors of a testator the whole of his estate and distribute it among the beneficiaries named in the testator's will.

In an action brought to partition the real and personal property of a testator, between his heirs at law and next of kin, who have made a contract that they

shall share equally in the estate of the testator, the plaintiffs are not entitled to judgment directing a specific performance of the contract where no relief of that kind is asked for in the complaint.

Where it was a condition precedent to the liability of a testator's daughters under a contract that there should be no contest in regard to his will, it must be alleged and proved, in an action brought to obtain a specific performance of such contract, that there was no such contest, and without such an allegation the complaint in such action fails to state a cause of action.

APPEAL by the defendants, Julia D. Harris and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 27th day of November, 1894, upon the decision of the court rendered at the Kings County Special Term overruling the demurrers to the amended complaint.

The parties to this action are the children of Demas Strong, deceased, and the wives of the sons of said deceased.

The material allegations of the complaint are that Demas Strong died in November, 1893, leaving a will, which was admitted to probate in January, 1894, by which, after the bequest of certain legacies, he left all his property, real and personal, to his five daughters. That some of the children were dissatisfied with the provisions of the will, and that in consideration that they would not enter into a contest thereof, the said children, with the exception of Jennie McMahan, entered into an agreement to share equally in the division of the estate, both real and personal, with certain provisos not material on this appeal. That the parties to such agreement, excepting the plaintiffs, refused to abide by it or carry it out.

The respective interests of each party in and to said estate as they would be if said agreement had been executed are set out in the complaint, and attached to it is a schedule alleged to contain a description of all the real estate within this State of which said Demas Strong died seized. The personal property was alleged to be of the value of $200,000, and the real estate of the value of $100,000.

The prayer of the complaint was as follows :

" Wherefore, the plaintiffs pray that partition and division of said property and estate may be made by and under the direction of this court, according to the statutes and laws in such cases made, provided and existing; that commissioners may be appointed by the

court for the purpose of making such partition, or in case a partition of said premises or of any part thereof cannot be made without great prejudice to the owners thereof, then the said premises or such part thereof as cannot be divided may be sold by and under the direction of this court, and that the proceeds of the sale, after paying the costs and expenses of this suit, may be divided among the owners thereof according to their respective rights and interests therein, and that the plaintiffs may have their costs of this suit and such other and further relief as may be just."

The demurrers alleged that causes of action were improperly joined, and that the complaint did not state facts sufficient to constitute a cause of action.

Jennie McMahan, who did not sign the agreement set forth in the complaint, demurred separately.

Julia D. Harris and Clarissa B. Goodnow, as executors of the will of Demas Strong, deceased, demurred jointly, and said two defendants individually demurred jointly with their sister Susan Strong.

*Joseph A. Burr*, for the appellants.

*Horace Graves*, for the respondents.

BROWN, P. J. :

The complaint in this action does not state a cause of action for partition of real estate. The plaintiffs derive no title to the land under the will of their father; neither have they any under the agreement with the heirs. The latter instrument is, in respect at least to the land, a mere executory contract to the effect that all who executed it shall share equally therein. It conveys no title, and does not constitute the signers joint tenants or tenants in common in the land of which their father died seized.

I know of no precedent for an action in equity which seeks no other relief than a distribution of a testator's personal estate among those entitled thereto.

The law gives the custody and possession of the personal estate to the executors, and jurisdiction to direct and control their conduct and settle their accounts is conferred upon the Surrogates' Courts, and a court of equity does not interfere in such cases, except when

there is some question of the construction or validity of the provisions of a will or some question of the enforcement of a trust. When complete relief can be obtained in the Surrogate's Court, a court of equity will decline to entertain an action for an accounting or other relief against executors.   (*Wager* v. *Wager*, 89 N. Y. 161.)

Assuming, for the purposes of this appeal, that the agreement between the heirs, so far as the personal estate was concerned, executed itself and is to be construed as an assignment to the plaintiffs of an interest in the estate, no facts are stated in the complaint which create an equitable cause of action against the executors for an accounting, and no reason is apparent why the plaintiffs cannot obtain all the relief to which they are entitled in the Surrogate's. Court.

The complaint contains no allegation against the executors of any kind, nor is any judgment demanded against them.   The prayer for relief ignores them entirely, and a judgment is sought by which the estate is to be divided by commissioners appointed by the court, or sold, and the proceeds distributed under its direction.

While an action can be maintained for a partition of specific personal property, owned in common by two or more parties, or for the sale of a chattel and the distribution of the proceeds, a cause of action, such as is set out in the complaint, which would remove from the custody of executors the whole estate of a testator and distribute it among the beneficiaries, is unknown to the law.

The Special Term, however, decided that the complaint set forth a cause of action for a specific performance of the agreement to divide the estate.

With such a cause of action neither Mrs. McMahan or the executrices have any concern.   They are not parties to the agreement nor interested in the result of such a suit.

The demurrers of these defendants are, therefore, well taken.

But we are of the opinion that the complaint does not state such a cause of action.

No relief of that kind is asked, and the test to be applied to the pleading is whether, if there was no answer, the plaintiffs would be entitled to a judgment, directing a conveyance to them of their respective shares of the real and personal estate.

By section 1207 of the Code of Civil Procedure it is provided

that, "when there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint."

The plaintiffs would not, therefore, be entitled to a judgment decreeing specific performance of the contract, not having demanded that relief.

But the complaint is defective in another respect. The consideration of the agreement between the heirs was alleged to be an agreement on the part of the plaintiffs and their brothers not to contest the will, and there is no allegation that that agreement was performed.

The testator died on November 9, 1893, and the will was not admitted to probate until January 22, 1894. The court could not presume that there was no contest.

That there should be no contest was a condition precedent to the daughters' liability. It was a fact to be alleged and proved, and without such an allegation the complaint failed to state a cause of action.

The demurrers were all well taken, and the judgment should be reversed and the demurrers sustained, with costs, with leave to the plaintiffs to amend the complaint in twenty days on payment of costs.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and demurrers sustained, with costs, with leave to the plaintiffs to amend the complaint in twenty days on payment of costs.