BORROWE v. CORBIN et al.

(Supreme Court, Appellate Division, First Department. June 28. 1898.)

SUPREME COURT—JURISDICTION.

Even where the supreme court has jurisdiction to grant relief as against an executor against whom misconduct is charged, it will not exercise it, in the absence of special circumstances, if the surrogate's court has full jurisdiction to make an effective decree as to every matter involved, particularly where a proceeding involving all the issues raised in the equity suit, and affecting all the same parties, is already pending in the surrogate's court.

Appeal from special term, New York county.

Action by Anna W. Corbin Borrowe against Hannah M. Corbin and others, executors of Austin Corbin, deceased, and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Joseph H. Choate, for appellant.
John E. Parsons, for respondents.

RUMSEY, J. The plaintiff is the daughter and one of the beneficiaries under the will of the late Austin Corbin, and the defendants who have answered, and who are the respondents in this action, are the executors of that will. The other defendants, who make no appearance in the action, are also next of kin and legatees of Mr. Corbin, but they are made defendants solely because they refused to join with the plaintiff in the prosecution of the action. When the case came on for trial, it was opened at length by the counsel for the plaintiff, and upon the opening and the allegations of the complaint a motion was made by the defendants' counsel for judgment upon the ground that the court had no jurisdiction of the matters set up in the complaint, but that such jurisdiction was vested by statute wholly in the surrogate's court of the proper county. It was further claimed by the counsel for the defendants that, if the court did have jurisdiction, because of the matters alleged in the complaint, to give to the plaintiff any relief in this action, yet the sur-

rogate's court had precisely the same jurisdiction, and that this court would not exercise its jurisdiction in matters as to which complete power was given to the court of the surrogate to grant the plaintiff all the relief to which he was entitled. The court below dismissed the complaint upon this motion, and from the judgment entered upon that dismissal this appeal is taken.

The plaintiff alleges that she is one of the legatees and beneficiaries under the last will and testament of Austin Corbin; that the defendant Austin Corbin, Jr., was a son of Austin Corbin, and that Hannah M. Corbin is his widow; that they are both legatees under the will; and that they, with the defendant Edgell, are the executors named in the will, and have qualified as such. The defendants Isabella Edgell and Austin Andre Champollion are legatees, and are joined as defendants, as has been said, because they refused to unite with the plaintiff in the prosecution of the suit. The allegations of the complaint, stated shortly, are to the effect that the defendants Austin Corbin, Jr., and Hannah M. Corbin are under the influence of the defendant Edgell, and by reason of their age and inexperience, and the state of health of Mrs. Corbin, are not competent persons to take charge of the administration of a great estate like that of which Austin Corbin died possessed. It is alleged in the complaint that this estate amounted to over $5,000,000; that the executors never made and filed any inventory with the surrogate of the county of Suffolk, of which county Austin Corbin was a resident at the time of his death, but that they made up and gave to the plaintiff and the other beneficiaries under the will what purported to be a statement of the assets, which amounted to something over $5,400,-000, but that the statement thus made was incomplete, and did not by any means represent the full amount of the property of which Austin Corbin died the owner. It is also stated in the complaint that at the time of his death Mr. Corbin was indebted to the amount of over $2,500,000. The complaint charges that the executors, having proceeded to the administration of the estate, have been guilty of waste in many matters which are set out at length in the pleading. These matters, however, are simply an enlargement of the general allegation that the trustees have squandered and wasted the estate of the decedent to the injury of the plaintiff and the other legatees under the will, and that, if they are permitted to continue in the possession and management of the estate, it will in no long time be entirely dissipated, owing to their lack of business judgment or worse. It is further stated in the complaint that there were given to the plaintiff by the will certain legacies which have not been paid; that the testator directed the executors to set apart such an amount in money, or money and securities, as, added to the fair market value at the time of the testator's decease of securities which he had given to the plaintiff in his lifetime, should be necessary to make the aggregate value of the principal equal to the sum of $150,-000, and to pay over the income of so much of said sum of $150,000 as should be set apart in the said trust to the plaintiff, until the principal thereof should be paid over to her or her heirs pursuant to the other provisions of the will. It is further alleged in the

complaint that the executors have in their possession the securities which had been given to the plaintiff by the testator in his lifetime, which they refuse to deliver to her, and that they have neglected and refused to set apart, as directed by the will, other securities sufficient to make up the whole amount of $150,000; and upon the ground that the securities given to the plaintiff by the testator were worth more than the sum of $150,000. The general allegation at the end of the complaint, which characterizes the nature of the action, and the object for which it is brought, is that by the acts, misconduct, and mismanagement of the executors the estate has been so reduced in value that upon an application to the surrogate of Suffolk county by this plaintiff for the payment of two legacies to her af $7,500 and $60,000, respectively, the executors have made answer denying that they had sufficient assets in hand applicable to the payment of those legacies, and denying that the same could be so applied without injuriously affecting the rights of others entitled to priority or equality with the petitioner; that the current expenses of the estate exceed the current receipts, so that, if the executors be permitted to continue in the course which they are pursuing, the estate will shortly be ruined; that they are incompetent, and have wasted and improperly applied the moneys in their hands, have invested the money in securities unauthorized by law, and have otherwise improvidently managed and injured the property committed to their charge; that they are unfit for the due execution of their office, and that their circumstances are such that they do not afford adequate security to the creditors and persons interested for the due administration of the estate. The relief demanded is that they be removed as executors; that a receiver be appointed to administer the estate; that the debts of the estate and the legacies under the will may be paid; that the executors be required to account for the assets of the estate which they have received, or with due diligence might have received, and also for all income and dividends, issues and profits thereof; that they may be charged personally with all losses sustained by the estate in consequence of their incompetence, negligence, or other misconduct, and for all payments of money improperly made by them; that the will and codicil of the testator may be construed that the defendants Edgell and Austin Corbin, Jr., may be required to account for the value of certain assets which it is alleged they have improperly disposed of; that those two executors may be required to account for all salaries received by them as officers of corporations controlled by or through the stock thereof belonging to the estate; that they may be also required to account to the plaintiff for the securities retained and withheld from her, and that they may be charged with and required to pay to her the depreciation in value of the securities so retained; that the trust fund to the amount of $150,000 directed by the will to be set apart in trust for the plaintiff may be so set apart, and the trust so constituted forthwith; and that the plaintiff may recover the income of the fund so set apart from the date of the testator's death, and that trustees be appointed of said fund and of the other trusts provided in the will. The answers of the three defendants who are executors are substantially

alike. While they protest that many of the allegations in the complaint charging them with waste and malfeasance in their office as trustees are not true, they do not deny them in any other way, and therefore it is doubtful if they put them in issue in such a way that the plaintiff would be put to her proof. But this is not material, because, the motion for judgment having been made upon the opening, it must be determined upon the theory that the plaintiff would have proved all the allegations in the complaint, and all the other statements in the opening, which are fairly within the purview of those allegations (Scott v. Mayor, etc., of New York, 27 App. Div. 240, 50 N. Y. Supp. 191); and the appeal must be determined as though all those facts had been established by the evidence. The only questions, therefore, presented in the case are those which were presented to the court below,—whether this court, by reason of the allegations contained in the complaint, had jurisdiction to control the executors in their management of the estate, and to give such directions or order such a judgment as would prevent further waste, and preserve the estate, and carry out the directions contained in the will; and, if this court has such jurisdiction, whether, under all the circumstances of the case, it is proper to exercise it in this action, within rules of law which have been settled and are binding upon the court.

In view of the condition of the precedents, it will hardly be disputed at this day that whenever it is made to appear to a court of equity that an executor has mismanaged or put in jeopardy the assets of the estate, or is guilty of negligence or improper conduct by which the assets are likely to be wasted or impaired, that court has jurisdiction to require him to account, and to make such judgment in regard to the matter as will protect the estate, and restrain the executor from the illegal acts which he purposes to do or has done. Jenkins v. Jenkins, 1 Paige, 243; Elmendorf v. Lansing, 4 Johns. Ch. 562; Wood v. Brown, 34 N. Y. 337; 1 Story, Eq. Jur. § 534 et seq. This jurisdiction, having been possessed by the court of chancery, was vested by the constitution in this court; and, while the legislature has authority to prescribe the mode of procedure by which the jurisdiction shall be exercised, it has no power to limit or curtail it in the slightest degree. Whether this court has jurisdiction to revoke letters testamentary of an executor need not be determined here, nor is it necessary to examine into the extent of the undoubted jurisdiction of the court to take charge of the administration of estates where it is made to appear that a proper case exists for it, and that no remedy can be had in any other tribunal. Although this latter jurisdiction exists, the limitations under which it will be exercised are as well settled as the jurisdiction itself; and there is no question that a court of equity will not usually take jurisdiction of the acts of executors in the management of the estate in cases where the surrogate's court has power to act, unless special circumstances are shown which make it necessary to bring into action the power of the court to supplement the powers in regard to which the surrogate's court is defective, or for some other reason because full and complete justice cannot be done in that court.

Seymour v. Seymour, 4 Johns. Ch. 409; Blake v. Barnes (Sup.) 18 N. Y. Supp. 471; Hurth v. Bower, 30 Hun, 151, 152. The cases are not entirely in unison as to what constitutes such special circumstances. The apparent lack of harmony between them arises, however, because of the peculiar condition of the statute giving jurisdiction to surrogate's courts at the different times when the various decisions were made. For a long time the jurisdiction of that court was especially prescribed by the statute, and it was particularly enjoined from exercising any incidental jurisdiction. While that was the condition of the law, it is apparent that many cases were likely to be presented to the surrogate's court in which it was not able to give complete and perfect relief, such as the circumstances demanded, for the reason that it had no power to go beyond the strict letter of the statute in the exercise of its authority, and mold its decree to the necessities of the case by the exercise of incidental powers. That prohibition upon the exercise of its powers, however, was found to be so inconvenient that it was finally removed, and the court now has, by express provision of statute, the authority to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred. Code Civ. Proc. § 2481, subd. 11. It appears in this case that a proceeding has been taken by the executors in the surrogate's court of the county of Suffolk, where the will was proved, and which has jurisdiction of the matter, to compel a judicial settlement of the estate. In that proceeding a citation has been issued, which was served upon the plaintiff, and issues have been joined by the filing of the accounts of the executors and objections on the part of the plaintiff; and the matter is now in hearing before a referee appointed for that purpose. The fact that such a proceeding has been begun is of itself of no importance, except so far as it shows that the rights of the plaintiff are not in danger of being lost because they are not now in process of adjudication, for the court to which resort has been had has jurisdiction to determine all those rights. So that the question finally presented upon this appeal is whether, if resort were had to the proper surrogate, all the matters alleged in this complaint as a ground for relief could be determined, and substantially the same relief granted as is asked for in the complaint, if the plaintiff should show that she was entitled to it.

The jurisdiction of the surrogate's court is given by statute, which is contained in section 2472 of the Code of Civil Procedure. By that section authority is given to the surrogate to revoke letters testamentary, and to appoint a successor in the place of a person whose letters have been revoked, to direct and control the conduct and settle the accounts of executors, to enforce the payment of debts and legacies, the distribution of the estates of decedents, and the payment or delivery by executors of money or other property in their possession belonging to the estate, and to administer justice in all matters relating to the affairs of decedents according to the provisions of the statutes relating thereto (Code Civ. Proc. § 2472); and, as has been said, in addition to this the court has authority to exercise such incidental powers as are necessary to carry into effect

the powers expressly conferred. Authority is also given to the surrogate's court to enjoin an executor to whom a citation or process has been duly issued from acting as such until the further order of the court (Id. § 2481, subd. 4); and under that section it has been determined that the court, in exercising that authority, may take the securities out of the possession of the executors, and put them in some other place, there to remain until the further order of the court (In re Gilman, 41 Hun, 561). It has also been held that in the exercise of the authority given to the surrogate's court by the sections above cited he has jurisdiction, if it is necessary in determining questions arising upon the accounting, to construe the will (Purdy v. Hayt, 92 N. Y. 446); and in the exercise of that jurisdiction he has precisely the same power as is possessed by the supreme court (Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599).

The complaint in this action attacks the executors only in their quality as such. It does not call upon the court to construe any portion of the will except so far as such a construction is necessary to determine the propriety of the conduct of the executors in the distribution of assets, and to prescribe their acts in that regard. So far as can be gathered from the complaint, or from the opening of counsel, there was no disposition made of real estate in the will. As a matter of fact, the will did dispose of real estate, but no question arising upon that portion of the will is presented in this action, and no possible question is presented which is not before the surrogate in the proceeding for a judicial settlement, and which he is not necessarily called upon to determine before a decree can be made in that proceeding. All the parties who are interested in that proceeding are before the surrogate. The jurisdiction of the subject-matter is fully given to him by the statute. There is no suggestion that he cannot make an effective decree as to every matter as to which this court is called upon to determine. It is said that this action brings in question the acts of the executors as trustees of the fund of $150,000, which is to be set apart for the plaintiff's benefit by them. But that fund is, as appears, not yet set apart from the body of the estate, and the complaint is that the executors refused to set it apart and to establish the fund which they are to hold as trustees. It is clearly within the jurisdiction of the surrogate, as a result of the accounting, in the performance of his duty, to enforce the payment of legacies and the distribution of the estate, to direct the executors to determine how much is necessary to be set apart to bring up the fund to the full amount of $150,000, and to direct them to set it apart; and when that shall have been done it will be time enough, if necessary, to invoke the jurisdiction of this court to control these executors, or to remove them if they are recreant to their trust. We can see no question presented here which cannot be presented and determined by the court of the surrogate, and no special circumstances which would prevent that court from doing full, adequate, and complete justice in regard to this matter. For these reasons it seems to us that it is proper that the determination of this matter should be left with the surrogate's court, where the statute has put it, rather than it should be drawn into

this court, whose jurisdiction to do certain of the things which are demanded by this complaint is, to say the least, doubtful.

The judgment of the special term is therefore affirmed, with costs to the respondents. All concur.