(34 Misc. Rep. 465.)

### MEEKS v. MEEKS.

(Supreme Court, Special Term, Kings County. April, 1901.)

COURTS—JURISDICTION OF EQUITY OVER EXECUTOR'S ACCOUNTS.

    Where a petition for an executor's accounting was filed in a court of equity having equal jurisdiction with the surrogate's court, the court must hear and determine the matter in the absence of any proof or allegation that the matter is pending in the surrogate's court, though no special reason was alleged why the aid of equity was invoked.

Proceedings by Catherine Meeks, as executrix, against Edwin B. Meeks, as executor, for an accounting. Heard on a motion to dismiss complaint. Motion denied.

Herbert T. Ketchum, for plaintiff.

Hawkins & Delafield, for defendant.

GAYNOR, J. This action is for an accounting by an executor. No special reason is pleaded or exists why the aid of a court of equity is invoked. The defendant moves that the complaint be dismissed on the ground that this court should not take jurisdiction of the action. The rule that a court of equity has discretion to and should refuse to take jurisdiction in matters over which the surrogate's court is given jurisdiction unless for some special reason, such as that a complete remedy cannot be had in that court, or that its power needs to be supplemented by the fuller powers of a court of equity, has often been stated and lived up to. Chipman v. Montgomery, 63 N. Y. 221; Wager v. Wager, 89 N. Y. 161; Strong v. Harris, 84 Hun, 314, 32 N. Y. Supp. 349. It was fully stated and followed in the First judicial department in the recent case of Borrowe v. Corbin, 31 App. Div. 172, 52 N. Y. Supp. 741. But in this judicial department in the more recent case of Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, it was decided otherwise, reversing the judgment (26 Misc. Rep. 247, 56 N. Y. Supp. 51). It is there said that "such refusal" (i. e., to take jurisdiction) "does not seem to be authorized, unless the jurisdiction of the surrogate's court has already been invoked. The rule is that where both tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought." This is a plain decision that such rule of discretion does not exist; that this court has no discretion in the premises, but that on the contrary it may dismiss such a suit only on the well known plea in bar of the pendency of a prior proceeding or action in another court involving the same subject matter; or, at all events, only on proof of such pendency. I have carefully looked for any authority for this but find none. The two cases cited for it in the opinion have no bearing on it. Of course no one ever questioned that such a plea would be good, but it had often been decided and was generally understood that the question was beyond that, viz., whether a court of equity had not the discretion to refuse to entertain such a suit unless the case presented special reasons making the interposition of equity necessary. As no proceeding for an accounting has been begun in the surrogate's court in the present case, and there is no such plea the said decision in the Ludwig Case is in point, and I feel constrained to follow it rather than the other decisions to the contrary, and without regard to my own views. I thought at first to distinguish that case from this, but the ground on which the decision of the court is put (as above quoted) makes that impossible. If there be a general rule that this court must take jurisdiction if the surrogate's court has not already taken jurisdiction, that of course covers this case. Except for the Ludwig decision I should say there is no such rule.

The motion to dismiss is denied, and let an account be filed.