(39 Misc. Rep. 584.)

HAUGHIAN v. CONLON et al.

(Supreme Court, Special Term, Kings County. January, 1903.)

1. SUPREME COURT—JURISDICTION—ACCOUNTING BY EXECUTOR.

The surrogate's court and the Supreme Court have equal jurisdiction of an action requiring executors of personalty to account, and the Supreme Court should not refuse to retain jurisdiction of such an action unless there is interposed in bar thereof a plea of a proceeding pending in the surrogate's court as to the same subject-matter.

Action by James Haughian against Lewis J. Conlon and others, executors of the will of Charles B. Haughian, to compel an accounting. Motion to dismiss denied.

George M. Curtis, for plaintiff.
James A. Wilson and Adolph Kiendl, for defendants.

GAYNOR, J. A motion was made to dismiss the complaint after the opening of counsel for the plaintiff, and denied with hesitation.

The testimony on the plaintiff's side was then taken on the allegations of the complaint of neglect and misconduct against the defendants, and to enable the plaintiff to show some special reason for this court to hold jurisdiction of the case. This latter is not to be taken as a precedent in practice, for where the complaint shows no such special reason, evidence should not be taken on that head. At the close a finding was made that there was no such neglect or misconduct, and the prayer for a receiver was denied; and no such special reason was shown. The defendants then renewed the motion to dismiss on the ground already stated on the first motion, i. e., that the surrogate's jurisdiction extended to all of the matters presented by the pleadings and evidence, and that this court therefore ought not to entertain jurisdiction, there being no special reasons why it should.

Except for the decision of the Appellate Division in this judicial department in the case of Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, I should say that this court ought not to entertain jurisdiction of the case. The rule was long understood by trial judges to be that this court would not entertain a suit for an accounting by executors unless the case had special features showing that a complete remedy could not be had in the surrogate's court, and that its powers needed to be supplemented by the fuller powers of a court of equity. Chipman v. Montgomery, 63 N. Y. 221; Wager v. Wager, 89 N. Y. 161; Strong v. Harris, 84 Hun, 314, 32 N. Y. Supp. 349; Meeks v. Meeks, 34 Misc. Rep. 465, 69 N. Y. Supp. 737; Ludwig v. Bungart, 26 Misc. Rep. 247, 56 N. Y. Supp. 51. But in the said Bungart Case the question was fully considered in the learned opinion written on appeal, and the rule was laid down that a court of equity could not refuse to entertain such a suit "unless the jurisdiction of the surrogate's court had already been invoked"; and it was further explicitly said: "The rule is that where both tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought." This is a plain decision, first, that although the statute has apparently specially assigned the surrogate's court as the place where the administration of the estates of deceased persons and the conduct and accounts of executors are to be controlled and settled, such court has no special jurisdiction in such matters, but only an equal one with the Supreme Court, and, second, that no discretion exists in the Supreme Court to refuse to entertain suits for accountings, and the like, in the administration of such estates, but it can dismiss such suits only on a plea in bar of the pendency of a proceeding in the surrogate's court involving the same subject-matter.

In the contemporaneous case of Borrowe v. Corbin in the First Judicial Department (31 App. Div. 172, 52 N. Y. Supp. 741), the learned opinion certainly holds to the contrary; and the judgment in that case was affirmed "on opinion below" (165 N. Y. 634, 59 N. E. 1119). But on the other hand, the Appellate Division in this department has, since such affirmance of the Corbin Case, reaffirmed and followed its decision in the Bungart Case, the opinion in that case being printed the second time, as though our Reports were not growing fast enough. Steinway v. Von Bernuth, 59 App. Div. 261, 69

N. Y. Supp. 1146. Our Reports are growing altogether too fast to
suit our educated bar, whatever opinion on the subject may be enter-
tained elsewhere. It is true that an accounting was pending in the
surrogate's court in the Corbin Case, but the decision was not placed
on that ground.

It seems to me, therefore, that notwithstanding the insistence of
counsel for defendants I should entertain the case. ·

The motion is denied, and let the account of the executors be
filed. ·