CATHERINE L. MEEKS, as Sole Qualifying Executrix of and under the Last Will and Testament of JOSEPH W. MEEKS, JR., Deceased, Respondent, *v.* EDWIN B. MEEKS, as Sole Surviving Executor of and Trustee under the Trusts Created in and by the Last Will and Testament of JOSEPH W. MEEKS, SR., Deceased, Appellant.

*Amendment of a complaint to compel an accounting by an executor and trustee — terms imposed — affidavit referring to a complaint alleging facts on information and belief.*

Where an action is brought in the Supreme Court to compel an accounting by an executor or trustee, the court may, under section 723 of the Code of Civil Procedure, permit the plaintiff to amend her complaint by alleging facts which, under a recent decision of the Court of Appeals, she considers necessary to insure the Supreme Court's retaining jurisdiction of the action, and to bring in new parties who appear to be necessary to a determination of the amended cause of action.

In such a case the Appellate Division considered that the Special Term should, as a condition of granting the amendment, require the payment by the plaintiff of the costs of the action to the date of the order and the service of the amended complaint within twenty days.

The fact that the moving affidavit does not set forth the facts on which the motion is based, but refers to the proposed complaint where the facts are alleged on information and belief, without stating the sources of the plaintiff's information or the grounds of her belief, does not affect the power of the court to grant the motion, as no substantial rights of the defendant are involved in the granting of the motion.

APPEAL by the defendant, Edwin B. Meeks, as sole surviving executor of and trustee under the trusts created in and by the last will and testament of Joseph W. Meeks, Sr., deceased, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of June, 1902, allowing the plaintiff to amend the summons and complaint in the action, and to issue a supplemental summons, the additional persons therein named being made parties defendant.

*Eugene D. Hawkins* [*John L. Lockwood, Jr.*, with him on the brief], for the appellant.

*James M. Gray* [*Herbert T. Ketcham* and *Joseph E. Owens* with him on the brief], for the respondent.

WOODWARD, J.:

On the 17th day of May, 1900, the plaintiff brought a common-law action against the defendant for the recovery of $4,055.25, with interest from April 26, 1897, the date of the death of the plaintiff's testator. Subsequently she amended her complaint, transforming it into an equitable action for an accounting from 1878, alleging that upwards of $15,000 remained unaccounted for and due the plaintiff. The action came on for trial at a Special Term for trials on the 1st of April, 1901, when defendant's counsel moved to dismiss the complaint on the ground that, as the action was brought to compel an executor and trustee to account, the Supreme Court would not take jurisdiction, but would leave the questions involved to the Surrogate's Court. The trial was adjourned and subsequently an interlocutory judgment was entered, directing an accounting within forty days. On a motion for a new trial the motion was denied, but an order was entered resettling the order or interlocutory judgment so as to allow either party to continue the action on a notice of three days, and setting the case down for trial on June 20, 1901. On that date plaintiff moved to have the cause marked off of the day calendar, and for leave to apply to a Special Term to amend her complaint, and this leave was granted by an order dated July 6, 1901. On the motion to amend being brought before the learned court at Special Term an order was entered, from which this appeal is taken, permitting the plaintiff to add new matter, on information and belief, which charges that her deceased husband was *non compos mentis* for twenty years before his death, and alleges that his brothers, one of whom is the defendant, and the other of whom died some years ago, were guilty of fraud and dishonesty, with other matters not material to be set out here. The defendant appeals from this order.

The court, both at common law and under the provisions of the Code of Civil Procedure, has a large discretionary power in the matter of amending pleadings, and unless it has been improperly exercised, we are not disposed to interfere. Section 723 of the Code of Civil Procedure provides: "The court may, upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the

name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case," etc. Acting under this discretionary power the court has permitted the plaintiff, not to allege a new cause of action, but to supplement a cause of action already set out, and to bring in new parties who appear to be necessary to a determination of the cause of action as amended. The cause of action, as it appeared prior to this amendment, stated the facts necessary to a cause of action for an accounting, but under the recent decision of the Court of Appeals in *Borrowe* v. *Corbin* (165 N. Y. 634) it was held that actions of this character belonged, not to the equitable jurisdiction of the Supreme Court, but to the Surrogate's Court, and the amendment, setting forth the alleged frauds of the brothers of plaintiff's husband in dealing with his property, was considered necessary to the continued jurisdiction of the court. The Supreme Court, succeeding to the powers of the old Court of Chancery, it cannot be doubted, has jurisdiction in cases of this character, except for the fact that the Surrogate's Court having been invested by statute (Code Civ. Proc. § 2472) with the power to deal with this class of actions, there is an adequate remedy at law for persons desiring an accounting on the part of executors and trustees, and the Supreme Court will not take equitable cognizance. (*Borrowe* v. *Corbin*, 31 App. Div. 172, 177.) But the fact that the plaintiff did not state all of the facts necessary to invoke the equitable interposition of the Supreme Court does not justify the conclusion that she did not state a cause of action, and the amendment which she has been permitted to make serves merely to insure jurisdiction, not to create a cause of action. The case is not, therefore, analogous to that of *Wheeler* v. *Hall* (54 App. Div. 49), where we held that a complaint could not be amended, after a trial, giving a party a cause of action, where no cause of action was stated in the original complaint.

Nor are we able to discover that the fact that the plaintiff's moving affidavit does not set forth the facts on which the motion is based, but refers to the proposed complaint, where the facts are alleged on information and belief, without stating the sources of plaintiff's information or grounds of her belief, has anything to do with the discretionary power which is vested in the court. No sub-

stantial rights of the adverse party are involved in the matter; the plaintiff has a natural right to have her cause of action, whatever it may be, fully set forth in her pleadings, and the defendant has no cause to complain so long as he is free to litigate the issues thus tendered. If substantial rights were involved, as in an attachment proceeding or in the examination of papers and documents before a trial, there would be reason for demanding that the affidavits should state facts within the knowledge of the person making the same, or if made upon information and belief that they should state the sources of information and grounds for belief that the court could have an opportunity of judging of the rights of the parties; but in an amendment of a complaint the court is merely in the attitude of permitting the plaintiff to do what he had a perfect right to do in the first instance, and this is a matter entirely within the judicial discretion of the court of original jurisdiction with which this court in the present instance is not disposed to interfere. (*Sun Printing & Pub. Assn.* v. *Abbey Salt Co.*, 62 App. Div. 54.)

We think, however, that under the circumstances terms should have been imposed as a condition of granting the amendment. The learned Special Term granted terms to abide the event instead of absolutely, because, as stated in its opinion, " the plaintiff seems to have been misled by the *Bungart* case and desires to come within the *Borrowe* case, affirmed in the Court of Appeals. I, therefore, do not think costs should be severe." The *Bungart* case, referred to by the learned Special Term, is the case of *Ludwig* v. *Bungart* (48 App. Div. 613) and was not an action for an accounting. The complaint in that case stated two causes of action, one for a construction of a will and the other for a breach of an oral contract for the conveyance or devise of real property. The *Borrowe* case is *Borrowe* v. *Corbin* (165 N. Y. 634, affg. *Borrowe* v. *Corbin*, 31 App. Div. 172 on the opinion of the Appellate Division). That was an action for an accounting and other incidental relief. It did not call upon the court to construe any portion of the will except so far as such a construction might be " necessary to determine the propriety of the conduct of the executors in the distribution of assets and to prescribe their acts in that regard." (P. 179.) In the *Bungart* case we held on the authority of *Schuehle* v. *Reiman* (86 N. Y. 270) that where both the Supreme Court and the Surrogate's Court have

equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought. In that case no proceeding was pending in the Surrogate's Court. In the *Borrowe* case a proceeding was pending in the Surrogate's Court for an accounting at the time the action was brought.

The order appealed from should be modified by inserting a provision requiring the payment by the plaintiff of the costs to the date of the order and the service of the amended complaint within twenty days, and as so modified affirmed, without costs of this appeal.

GOODRICH, P. J., BARTLETT and HIRSCHBERG, JJ., concurred.

Order modified and affirmed in accordance with opinion of WOODWARD, J., without costs of this appeal.