In the Matter of the Application of GEORGE R. BOUGHTON and MABEL BOUGHTON for a Writ of Habeas Corpus to Inquire into the Cause of Detention of GEORGE R. BOUGHTON, JR., and for His Restoration to Them.— A proceeding in Children's Court was commenced by verified petition charging that George Boughton, Jr., a male child fourteen years of age, was a delinquent child as defined in the Children's Court Act, and that on January 10, 1941, in the evening, in company with two other boys, he was found going through parked cars at the back of the Central School during the time that a basket-ball game was in progress, and that a pair of gloves had been taken. A summons was issued to said child and to his father and mother, for them to show cause why the child should not be dealt with in accordance with the Children's Court Act. On the 15th day of January, 1941, they all appeared in the Children's Court in Columbia county. They were advised they could have counsel and they duly waived that right, and the court proceeded to an examination and hearing of witnesses produced. The hearing was closed. George admitted at the hearing that he had gone through parked cars with two other boys; that he was in the car smoking; that he was fourteen and was in the eighth grade. He said that a pair of gloves had been taken by Alex Buko, another boy. He admitted going through some lockers down at the school and taking a couple of books and pencils. He admitted taking money from a poor box at the Catholic church that he attended. The mother said that he had spells at home; that he threatened to have the troopers come and take care of her. She admitted that there was drinking in her home. The boys when they went into the cars were looking for flashlights and other articles. George also admitted going through the janitor's jacket at the school. He claimed he could not get along at home and was forced to do things he did not care to do. He struck his parents when he got mad at them. He admitted that he went out with these other boys to look for flashlights and other things in the automobiles. The boy's father did not desire to cross-examine the witnesses. Miss Hathaway, probation officer of the Children's Court of Columbia County, was questioned. She had investigated the home and she said he told her things were bad at home, that he had struck his mother and father when they quarreled after coming home from beer saloons and drinking. The boy's father was questioned. He said that he did not dare whip a child any more. It would leave marks on him. It was a bad thing not to whip a child of his age. The family had been in need and had been helped. The father admitted that the boy could almost trim him, but he thought he could still whip him, and the mother admitted she could not handle him at all. Upon this testimony he was adjudged a delinquent child and discharged to the commissioner of public welfare of Columbia county. On January 16, 1941, he was committed by Hugh W. McClellan, commissioner of public welfare of Columbia county, to the managers of the Hillside School at Troy, N. Y., which is a Catholic home and school. He remained there until the granting of the writ of habeas corpus on the 5th day of September, 1941. He was brought before the Supreme Court under the writ of habeas corpus and the writ of habeas corpus was sustained and the boy was discharged from the custody of the school to which he had been committed and from further restraint under and by virtue of the order of the Children's Court dated January 15, 1941, on the ground that it was for the best interests and welfare of said George R. Boughton, Jr. So far as the record goes, no evidence was taken. The facts in

regard to the proceeding before the Children's Court were contained in the return to the writ. The Supreme Court undoubtedly has the power under general chancery jurisdiction to intervene in such a case as this under the authority of *People* v. *Lewis* (260 N. Y. 171, 179), but in face of the proof that there was in this case, some record ought to have been made upon the return of the writ of habeas corpus in order to sustain the granting of the writ. The bare statement alone that it was for the best interests of the child in view of the evidence contained in the record and before the Children's Court, is not enough. The order appealed from sustaining the writ of habeas corpus, dated February 16, 1941, should be reversed. Order appealed from reversed. Crapser, Schenck and Foster, JJ., concur; Hill, P. J., and Heffernan, J., dissent and vote to affirm.