THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANONYMOUS, Relators, *v.* CLINTON W. ARESON, SUPERINTENDENT OF THE STATE AGRICULTURAL AND INDUSTRIAL SCHOOL, INDUSTRY, NEW YORK, Defendant.

Supreme Court, Special Term, Monroe County, July 13, 1949.

*George N. Wein* and *Jacob Ark* for relators.

*Nathaniel L. Goldstein, Attorney-General (Herman N. Harcourt* of counsel), for defendant.

VAN VOORHIS, J. The language of section 931 of the Code of Criminal Procedure that " Probation officers, *when directed by the court* shall fully investigate and report to the court in writing all the circumstances of the offense, criminal record and social history of a defendant, and in the case of a child in children's court the circumstances responsible for the child's appearance in court and his social history ", (emphasis supplied) does not create a jurisdictional defect, invalidating the commitment of a delinquent child, in event that the court fails to direct an

investigation by a probation officer. This conclusion is fortified by section 36 of the Children's Court Act which states in part that "The chief probation officer shall, *under the direction of the court*, have supervision of the probation work of the court." (Emphasis supplied.)

Whether the Children's Court of Washington County in this case acted properly in failing to direct an investigation by the probation officer, and in not having such a report before it at the time of the commitment, is a different matter. But if the Children's Court improperly failed to direct such an investigation, that would be something to be reviewed on appeal from the commitment. The Judge's failure to have a probation report did not destroy his jurisdiction to commit.

Upon this argument, it has been presented in behalf of petitioners that this is not only an application for a writ of habeas corpus in the ordinary sense, as an attack upon the jurisdiction of Children's Court to make any order of commitment herein, but that it is also an appeal to the general equitable powers of the Supreme Court over children, to obtain a ruling that, even if the Children's Court Judge of Washington County had jurisdiction to commit this infant to the State Agricultural and Industrial School, he erred in doing so. That would call upon the Supreme Court, at Special Term, to review an exercise of judgment of the Children's Court upon a matter which was before that court. It is true that in *People* v. *Lewis* (260 N. Y. 171, 179) the Court of Appeals threw out the query by saying: "Moreover, though it is not now necessary so to hold, it may be that the Supreme Court has power, under its general chancery jurisdiction, to intervene in any given case. (*Matter of Knowack, supra* [158 N. Y. 482, 487].)" *Matter of Knowack* was not a proceeding to review a commitment, but to obtain restoration of the children to the parents on account of subsequent changes in circumstances. The hardship which appears to have motivated that decision was removed by act of the Legislature in conferring continuing jurisdiction upon the Children's Courts. (Children's Court Act, § 25.) In *People* v. *Lewis* (*supra*) the Court of Appeals (pp. 178–179) pointed out that the Children's Court Act "provides not only for appeals (§ 43) but it also provides (§ 25) that in delinquency cases, such as this, the court on its own motion or upon application by any interested person may set aside or arrest judgment or grant a new hearing in the exercise of its powers of protection over the child, either before or after final adjudication or commitment." Section 25 now

provides that a petition may be filed with the Children's Court at any time for the release of the child.

In this case an appeal has been taken to the Appellate Division, Third Department, from the commitment of this boy. It is true that the dictum above quoted from *People* v. *Lewis* (260 N. Y. 171, 179) was referred to in *Matter of Boughton* (263 App. Div. 1049), a case in which an order sustaining such a writ of habeas corpus was reversed and the writ dismissed. A statement was made in the memorandum of the court in the *Boughton* case (*supra,* p. 1050) that " The Supreme Court undoubtedly has the power under general chancery jurisdiction to intervene in such a case as this under the authority of *People* v. *Lewis* ". While this statement was not necessary to the decision in the *Boughton* case, assuming *arguendo* that such a power does exist in the Supreme Court, it does not follow that Special Term is obliged to exercise it where full relief can be obtained by appeal or in the Children's Court. The Supreme Court has jurisdiction in equity, also, over Surrogate's matters, but "Although this latter jurisdiction exists, the limitations under which it will be exercised are as well settled as the jurisdiction itself, and there is no question that a court of equity will not usually take jurisdiction of the acts of executors in the management of the estate in cases where the Surrogate's Court has power to act, unless special circumstances are shown which make it necessary to bring into action the power of the court to supplement the powers in regard to which the Surrogate's Court is defective, or because, for some reason, full and complete justice cannot be done in that court. (*Seymour* v. *Seymour,* 4 Johns. Ch. 409; *Blake* v. *Barnes,* 28 Abb. N. C. 401; *Hurth* v. *Bower,* 30 Hun, 151, 152.) " (*Borrowe* v. *Corbin,* 31 App. Div. 172, 177, affd. on opinion of Appellate Division, 165 N. Y. 634.)

A similar ruling should be made here, where the Washington County Children's Court has complete statutory jurisdiction over this commitment as a delinquent child. Regardless of the naked question of power, Special Term ought not to sit in review of determinations by Children's Courts in matters where the latter have jurisdiction over all phases of the problem.

Such a conclusion would appear to be in conformity with analogies under recent decisions by the Court of Appeals, in proceedings involving habeas corpus and *coram nobis*. (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People ex rel. Sedlak* v. *Foster,* 299 N. Y. 291.)

It may well be that the Supreme Court, under its general equitable jurisdiction over children, should exercise power in a proper case to do the equivalent of granting a certificate of reasonable doubt, and admit delinquent children to bail pending appeal from commitment. That would be something which the Children's Courts do not appear to have power to do, and for which there may be no statutory authority anywhere else. This application is not for that relief, in consequence whereof that question is not passed upon.

The petition is dismissed.