### PURCELL v. HOFFMAN HOUSE et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. MASTER—INJURY TO SERVANT—DEFECTIVE APPLIANCE—INSTRUCTION.

In an action by an employé for injuries received resulting from the explosion of a gasoline torch while engaged at work inside a boiler making repairs, it was error to refuse a charge requested by defendant that, if they found the torch was not defective, and was not dangerous, but properly used, they must find for defendant.

2. APPEAL—EXCEPTIONS—BRIEF.

The fact that exceptions are not discussed in the brief of appellant does not prevent the court on appeal from basing a reversal thereon.

Appeal from Trial Term, Kings County

Action by Thomas Purcell against the Hoffman House, impleaded with Michael Fogarty. From a judgment for plaintiff and an order denying a motion for a new trial, the Hoffman House appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Pierre M. Brown, for appellant.
John F. Carew (Thomas F. Magner, on the brief), for respondent.

WILLARD BARTLETT, J. The plaintiff, an oiler and general utility man employed in the engine room of the defendant corporation at its hotel, the Hoffman House, in the city of New York, was injured by the explosion of a gasoline torch while at work inside a boiler making repairs by direction of the defendant's chief engineer. The temperature of the place in which the plaintiff was thus directed to work was about 170 degrees Fahrenheit. The theory of the action is that the torch was a dangerous implement to be used or handled in that particular place, and that the defendant was negligent in failing to advise the plaintiff of the danger involved in the doing of the work under the existing conditions. In the course of the trial the learned counsel for the plaintiff stated to the court that he did not care to rest the case on the doctrine of res ipsa loquitur, and some proof was given as to the character and action of gasoline, designed to show that the use of the torches under the circumstances was in fact dangerous. No evidence was adduced to show, however, that there had ever been similar explosions of these torches under like conditions, nor was there any expert testimony to the effect that such use was attended with danger; so that, if the doctrine of res ipsa loquitur was inapplicable (and I am inclined to think it could not be invoked), it seems to me that there was hardly enough proof of the dangerous nature of the appliance, or of any danger, in employing it as it was employed, to take the case to the jury. But, whether this view be correct or not, I think there is an exception in the record which demands a reversal of this judgment. After the principal charge counsel for the appellant asked the learned trial judge to instruct the jury as follows: "If they find that the torch was not defective, and was not dangerous, but properly used, they must find for the Hoffman House." To this request the court responded, "No; I will leave that to the jury." The exception to the refusal to give this instruction was well taken. It is impossible to see upon what ground the appellant could be held liable if there was no defect whatever in the appliance, and it was in no respect a source of danger, and it was proper to use it in the place where it was used. These were the conditions assumed in the instruction requested which the court refused to give, and I think this refusal may well have misled the jury. It is true, as pointed out in the brief of counsel for the respondent, that the exceptions taken in behalf of the Hoffman House are not discussed in the brief for the appellant; but this fact does not justify us in ignoring them. In the case of Lewis v. The Long Island Railroad Co., 162 N. Y. 52, 56 N. E. 548, the judgments of this court and the court below were reversed in the Court of Appeals upon an exception in the record which was never discussed or noticed, either orally or in the briefs of the counsel upon the argument here.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur; HIRSCHBERG, P. J., in result.