TOWN OF PALATINE et al. v. CANAJOHARIE WATER SUPPLY CO. et al.

(Supreme Court, Appellate Division, Third Department. December 7, 1906.)

1. APPEAL—AFFIRMANCE—PROCEEDINGS IN LOWER COURT—AMENDMENT.

Though judgment dismissing the complaint is affirmed by the Court of of Appeals, with leave to plaintiffs to apply to the Supreme Court for such relief as they may be advised, the Special Term of the Supreme Court may allow amendment of the complaint to rid it of those plaintiffs held by the judgment to have been improperly joined, and also amend the judgment so that the complaint shall stand in force as amended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4677–4682.]

2. PLEADINGS—AMENDMENT—CONDITIONS.

The court, in allowing amendment of the complaint by towns and their commissioners, so as to rid it of the commissioners, held to have been

improperly joined, should impose as a condition the payment by plaintiff towns of not only the costs of the motion, but the accrued taxable costs in the action, which have been adjudged against all the plaintiffs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 630, 631.]

Appeal from Special Term, Montgomery County.

Action by the town of Palatine and others against the Canajoharie Water Supply Company and another. From an order allowing an amendment of the complaint, and amending a judgment of dismissal, defendants appeal. Modified and affirmed.

The action was brought by the towns of Palatine and Canajoharie and the commissioners of highways of these towns, joined as plaintiffs, against the defendants, to restrain the latter from laying water pipes over a highway bridge between the two towns. The defendants raised the question by demurrer that the commissioners of highways were improperly joined with the towns as plaintiffs. This demurrer was overruled by the Special Term. On appeal to this court the interlocutory judgment overruling the demurrer was reversed, and the demurrer sustained, with leave to plead anew and to serve an amended summons and complaint. 90 App. Div. 548, 86 N. Y. Supp. 412. In order to get a review in the Court of Appeals, the plaintiffs did not comply with the conditions imposed as a prerequisite to amending, and final judgment was entered dismissing the complaint, with costs. The plaintiffs then appealed to this court, where such judgment was affirmed, and in turn to the Court of Appeals from such final judgment, with the intention of bringing up for review all the prior orders and interlocutory judgments against them. In the Court of Appeals the judgment of this court was affirmed, with costs, "with leave to appellants to apply to the Supreme Court for such relief as they may be advised." 184 N. Y. 582, 77 N. E. 1197. The plaintiffs then moved at Special Term for leave to make appropriate amendments of the summons and complaint to correspond with the judgment of this court and of the Court of Appeals, and for such other relief as may be just. The Special Term granted an order making such appropriate amendments to the summons and complaint, and also amending the judgment, so that the complaint should not stand dismissed, but in force as amended, and granted to the defendants $10 costs of the motion. No costs were imposed as a condition of making the amendment. From this order the defendants have appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

Andrew J. Nellis, for appellants.
Henry V. Borst, for respondents.

CHESTER, J. We disagree with the contention of the appellants' counsel that the Special Term was without power to amend the judgment under the circumstances presented here. The court of Appeals, in affirming the judgment of this court, had settled, as the law of this case, that the commissioners of highways were improperly joined with their respective towns as plaintiffs in the action. If the Supreme Court, acting through a Special Term or an Appellate Division in an appropriate case, is powerless to make the judgment of the Court of Appeals effective because of highly technical objections largely relating to procedure, there is something inherently defective in our judicial system, and the right of review in many cases would be rendered fruitless and worthless.

While we entertain no doubt of the inherent power of the Special Term to make the amendments of the judgment and of the summons

and complaint which it did, we think, as the defendants had earned a considerable amount of costs in their efforts to be rid of improper plaintiffs in the action, and had recovered judgments for these costs against such improper plaintiffs, as well as against the towns, that the amendments should not have been made, except upon condition that the towns, which remain as plaintiffs, should pay the defendants their taxable costs, as well as the costs of the motion. The criticism by the appellants of this feature of the order as made relates to a matter of substance, as one effect of it is practically to dismiss from the action two parties against whom judgments for costs have been obtained without making any provision for payment of any of the costs incurred. The condition we suggest will furnish ample protection to the defendants, as the towns are responsible and no injustice follows by imposing the costs upon them, as the commissioners were only agents for the town, the proper plaintiffs, and can with propriety be relieved from paying the costs personally.

There is no reason shown why, in addition to the costs, the counsel fees incurred by the defendants with respect to the temporary injunction should have been imposed as a condition of granting the amendments. The question of the liability of the towns for damages to the defendants because of the temporary injunction can well await the determination of the action on the merits.

The order should be modified, by adding, after the words "that the defendants recover of the plaintiffs $10 costs of this motion," the following: "And that said amendments are made upon condition that the plaintiffs, the town of Palatine and the town of Canajoharie, pay to the defendants all their taxable costs in the action, including said $10 costs of motion"—and, as so modified, affirmed, with $10 costs and printing disbursements to the appellants. All concur.