### CITY OF NEW YORK v. KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

1. PLEADING—AMENDED PLEADINGS—NEW CAUSE OF ACTION.

   The power of the court, even after trial, to permit the amendment of a pleading so that it will conform with the proof, does not authorize the importation into the complaint of what is in effect a new cause of action.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 686–709.]

2. SAME—DIFFERENT CAUSES OF ACTION.

   Under the ordinance of March 15, 1897, establishing a stoop line, the city sought the removal of certain steps and areaway of defendant which extended beyond the line. After the trial, with the court's permission,

the city amended its complaint so as to include defendant's portico and columns within the stoop line. *Held*, that the court erred in allowing the complaint to be amended nunc pro tunc, since illegality of structures wholly outside the stoop line, and of those inside the line, but outside of the building line, rest upon quite different considerations and give rise to distinct causes of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 686–709.]

3. SAME—EFFECT OF AMENDMENT.

Where the city sued to have certain steps removed under the ordinance of March 15, 1897, establishing a stoop line, and thereafter the court gave the city permission to amend its complaint so as to include a portico and columns within the line, the issue raised by the amendment should not be passed upon until defendant has had full opportunity to meet it upon proper pleadings, since the inclusion of the portico and columns in the complaint amounts to pleading a new cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 745, 746.]

Appeal from Special Term.

Action by the city of New York to compel the Knickerbocker Trust Company to remove steps outside the stoop line. From a judgment for plaintiff (102 N. Y. Supp. 900), defendant appeals. Modified and affirmed, and orders appealed from reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Julian T. Davies, for appellant.

Theodore Connoly, for respondent.

SCOTT, J. The action as originally commenced, and as the complaint stood until after the trial had been completed, sought the removal only of so much of the defendant's steps on Fifth avenue, and of the areaway on Thirty-Fourth street as extended beyond the stoop line established by the ordinance of March 15, 1897. In so far as concerns these obstructions the question was settled, so far as this court is concerned, by the unanimous opinion delivered upon the affirmance of the interlocutory judgment overruling defendant's demurrer to the complaint, and nothing need be added to that opinion. 104 App. Div. 225, 93 N. Y. Supp. 937. To this extent the present judgment must be affirmed.

We think, however, that the court erred in permitting the complaint to be amended, after the trial, so as to include among the structures complained of and sought to be removed, the portico and columns erected and maintained by defendant within the stoop line. The power of the court even after trial, to so amend a pleading as to conform it to the proof, is well settled; but this power does not go so far as to permit the importation into the complaint of what is in effect a new cause of action. When such an amendment is sought, the defendant is entitled to answer the new allegations and to be heard upon the issues thus raised. The inclusion of the porticos and columns in the complaint amounted to pleading a new cause of action. The question of the illegality of structures wholly outside the stoop line, and of those inside that line, but outside of the building line, rest upon quite different considerations. As to the first class, as was demonstrated in the former

opinion of this court, their illegality is clear. As to the second, there is involved the question as to the nature and character of the structure, and whether or not it falls fairly within the definition of a "stoop." That question was not presented by the complaint as originally framed, and should not be passed upon until the defendant has had full opportunity to meet it upon proper pleadings.

The judgment will therefore be so modified as to confine its operation to the structures outside the stoop line originally complained of, and, as modified, affirmed, without costs to either party, thus leaving it open to the plaintiff, if so advised, to attack upon a proper complaint the legality of the portico and columns. The order allowing the complaint to be amended nunc pro tunc, and the order denying defendant's motion for leave to answer said amended complaint, must be reversed. All concur.