AUDLEY v. TOWNSEND et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. APPEAL AND ERROR (§ 1201*) — REMAND—AMENDMENT OF PLEADING—CONDITIONS—COSTS.

Upon remand for new trial on the ground that the complaint did not state a cause of action, the complaint could only be amended by payment of all costs and disbursements before the date of the amendment, with costs of the application.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4682; Dec. Dig. § 1201.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 236*)—AMENDMENT—COMPLAINT—CONTRACT ACTIONS.

In an action on an indemnity given a Wisconsin sheriff by an attorney representing nonresident creditors, an amendment to the complaint alleging that under the Wisconsin law the attorney had authority to indemnify the sheriff for nonresident clients was within the trial court's discretion.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 236.*]

3. COSTS (§ 234*)—ON APPEAL—AFFIRMANCE ON MODIFICATION.

Where the appeal was from the entire order allowing an amendment to the complaint, and the order is only modified on appeal by requiring the payment of additional costs, no costs will be allowed.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 234.*]

Appeal from Special Term, Westchester County.

Action by Henry Audley against William H. Townsend and others. From an order allowing an amendment to the complaint, defendants appeal. Affirmed, as modified.

See, also, 126 App. Div. 431, 110 N. Y. Supp. 575.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

M. S. Guiterman, for appellants.

Thomas H. Rothwell, for respondent.

HIRSCHBERG, P. J. This action is brought by the assignee of a sheriff in the state of Wisconsin for the breach of an indemnity given to the sheriff orally in that state by an attorney representing the defendants as nonresident creditors. The action was tried on December 17, 1905, and resulted in a judgment in favor of the plaintiff. The complaint failed to allege that under the Wisconsin law the attorney had authority to indemnify the sheriff for nonresident clients. After verdict and motion for a new trial, the learned trial justice, on his own motion, directed an amendment of the complaint nunc pro tunc by the insertion of an allegation of the existence of such a law in that state. On appeal, this court reversed the judgment and order allowing the amendment, on the ground that the original complaint did not state a good cause of action and that the granting of the amendment in the manner and at the time alleged was error. Audley v. Townsend, 126 App. Div. 431, 110 N. Y. Supp. 575. The order appealed from was granted after such reversal, and permits the amendment, but imposes as terms the payment of $75 costs, only, by the plaintiff to the defendants.

The rule is well settled that in the circumstances the court could only allow the amendment by the imposition as terms of the payment of all the costs and disbursements of the action before the date of the granting of the relief. In the First department this has been held in McEntyre v. Tucker, 40 App. Div. 444, 58 N. Y. Supp. 146; Fox v. Davidson, 40 App. Div. 620, 58 N. Y. Supp. 147; Rodgers v. Clement, 58 App. Div. 54, 68 N. Y. Supp. 594; People ex rel. McDonald v. Clausen, 61 App. Div. 184, 70 N. Y. Supp. 417; Tradesmen's Nat. Bank v. Curtis, 63 App. Div. 14, 71 N. Y. Supp. 414; Thilemann v. Mayor of New York, 71 App. Div. 595, 76 N. Y. Supp. 132; Lesser

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Gilbert Mfg. Co., 72 App. Div. 147, 75 N. Y. Supp. 486; Wilson v. Standard Asphalt Co., 81 App. Div. 102, 81 N. Y. Supp. 8; Lindblad v. Lynde, 81 App. Div. 603, 81 N. Y. Supp. 351; Coyle v. Davidson, 92 App. Div. 322, 86 N. Y. Supp. 1089; Kerrigan v. Peters, 108 App. Div. 292, 95 N. Y. Supp. 723; Dunham v. Hastings Pavement Co., 109 App. Div. 514, 96 N. Y. Supp. 313; Palazzo v. Degnon-McLean Con. Co., 115 App. Div. 172, 100 N. Y. Supp. 681; Herbert v. De Murias, 115 App. Div. 453, 101 N. Y. Supp. 381; Ward v. Terry & Tench Con. Co., 118 App. Div. 80, 102 N. Y. Supp. 1066. The same rule was laid down in the Third department in the case of Town of Palatine v. Canajoharie Water Supply Co., 116 App. Div. 530, 101 N. Y. Supp. 810, and in the Fourth department in Bates v. Salt Springs Nat. Bank, 43 App. Div. 321, 60 N. Y. Supp. 313, Northam v. Dutchess County Mut. Ins. Co., 94 App. Div. 614, 88 N. Y. Supp. 1110, and Wood v. New York Cent. & H. R. R. R. Co., 100 App. Div. 226, 91 N. Y. Supp. 788. A similar rule has prevailed in this department, and was enforced, among other cases, in Meeks v. Meeks, 79 App. Div. 49, 79 N. Y. Supp. 718, Bruns v. Brooklyn Citizen, 98 App. Div. 316, 90 N. Y. Supp. 701, and Rosenberg v. Feiering, 124 App. Div. 522, 108 N. Y. Supp. 941. We think the amendment in this case was proper, and entirely within the discretion of the Special Term.

The order should be modified, by requiring as a condition of the amendment that the plaintiff pay to the defendants all the costs and disbursements of the action antecedent to the granting of the application and $10 costs of the application; and, as the appeal is from the entire order, the order, as modified, should be affirmed, without costs. All concur.