PURCELL v. HOFFMAN HOUSE et al. .

(Supreme Court, Appellate Division, Second Department.   March 19, 1909.)

1. APPEAL AND ERROR (§ 884*)—QUESTIONS REVIEWABLE—ESTOPPEL.

A plaintiff, in an action for personal injuries sustained while in the employ of defendant, who acquiesced in the ruling of the court, on the second trial of the cause, that the complaint did not sufficiently plead the giving by defendant of improper instructions, and sought to amend the complaint in that respect, could not urge, on appeal from the order allowing the amendment on conditions imposed, that it was based on the assumption that the theory of the first trial and appeal was that plaintiff's assertion of negligence included the absence of adequate instructions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3612–3616; Dec. Dig. § 884.*]

2. PLEADING (§ 239*)—AMENDMENTS—CONDITIONS.

The court may not, on a second trial, amend the complaint, without imposing as a condition the payment of the costs and disbursements of the action to the date of the amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Appeal from Special Term, Kings County.

Action by Thomas Purcell against the Hoffman House and another. From so much of an order as imposed, as a condition of permitting an amendment to the complaint, payment by plaintiff of the sum of $10 costs only, defendant the Hoffman House appeals.   Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Pierre M. Brown, for appellant.

J. F. Carew, for respondent.

HIRSCHBERG, P. J.   The action is brought to recover damages for negligence. The plaintiff was engaged at the time of the accident as an employé of the defendant in the hotel in the borough of Manhattan known as the Hoffman House.   He was an oiler, and was working with a boiler maker, who was engaged under contract with the defendant in repairing a boiler or fire box in the hotel.   He was directed by the engineer under whom he was employed to assist the employés of the contractor, and while so engaged a torch filled with gasoline, or some other explosive and inflammable substance, which was being used by the contractor's employés, exploded, inflicting the injuries of which the plaintiff complains.   In the original complaint the allegation of negligence was alleged to be the giving to the plaintiff and those engaged with him in the work improper, defective, weak, and dangerous tools and appliances liable to explode, in sending him and the others into a place where it was unsafe and dangerous to have such tools, and where the same were liable to explode, and "otherwise through the negligence of the defendant."   The amendment allowed permits the plaintiff to add as a charge of negligence the omission of the defendant "in not giving this plaintiff and those engaged with him proper

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

instruction as to the use of said tools, in giving them improper instructions, in exposing them to danger of explosion without warning them thereof."

The action was brought in the summer of 1900, and was first tried in 1902. A verdict was then rendered in favor of the plaintiff, but the judgment entered thereon was reversed by this court. Purcell v. Hoffman House, 97 App. Div. 307, 89 N. Y. Supp. 975. The case was again brought on for trial in December, 1906. During the progress of the second trial, the plaintiff's counsel, while arguing the question as to the instructions which were given to his client at the time he was injured, was met by an objection from the court that the giving of improper instructions or the lack of proper instructions was not sufficiently pleaded in the complaint and that the evidence as to the same would be excluded. The plaintiff's counsel thereupon applied for permission to withdraw a juror in order to have an opportunity to apply at Special Term for leave to amend, which was granted, the plaintiff being ordered to pay $30 trial fee; and more than a year afterwards the application was made at Special Term for leave to serve the amended complaint, which resulted in the order now under review, and which order was granted permitting the amendment desired on the payment of $10 costs only. The limitation of the costs at Special Term was based on the assumption that the theory of the first trial and appeal was that the plaintiff's assertion of negligence included the absence of proper and adequate instructions; but I do not think the plaintiff is at liberty to urge that view, inasmuch as he acquiesced in the ruling of the court on the second trial, and must be assumed to desire the amendment as a necessary safeguard and precaution before proceeding to the third trial. The rule is well settled that in the circumstances disclosed by the record herein the court may not amend a complaint after trial and appeal without imposing upon the applicant as a condition the payment of the costs and disbursements of the action to the date of the granting of the relief sought. See authorities cited in the opinion in Audley v. Townsend (decided by this court March 5, 1909) 115 N. Y. Supp. 145.

The order, in so far as appealed from, should be modified, by requiring as a condition of the amendment that the plaintiff pay to the defendant all the costs and disbursements of the action to the date of the order and $10 costs of the motion, less the $30 trial fee heretofore imposed, if the same has been paid, and, as modified, affirmed, with $10 costs and disbursements. All concur.

---

CALLANAN v. KEESEVILLE, A. C. & L. C. R. CO. et al.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. CANCELLATION OF INSTRUMENTS (§ 3*)—CONTRACT—RIGHT TO CANCELLATION.
That a contract was not sufficiently definite so that specific performance could not be decreed, or that damages for its breach could be measured and recovered, was no ground for the refusal of equity to cancel the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes