(159 App. Div. 234.)

### CODY et al. v. DICKINSON.

(Supreme Court, Appellate Division, Second Department. November 21, 1913.)

1. CONTRACTS (§ 346*)—ACTIONS—PROOF—VARIANCE.
   Where the complaint, in an action for damages for breach of a contract to remove buildings, alleged that defendant agreed to obtain all rights of way necessary for the removal of the buildings "through any and all streets and highways," plaintiffs cannot recover upon the theory that defendant failed to obtain the consent of an owner to the removal of a tree, on his private property, which stood in the route selected by plaintiffs, for their own convenience in moving the houses.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

2. APPEAL AND ERROR (§ 1201*) — DETERMINATION — PROCEEDINGS IN LOWER COURT—AMENDMENT.
   Upon reversal of a judgment for plaintiffs in an action on a contract for variance in the proof, application to amend the complaint should be made to the Special Term so that proper terms and conditions may be imposed upon permitting the amendment.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4673, 4677–4683; Dec. Dig. § 1201.*]

---

Appeal from Trial Term, Nassau County.

Action by John H. Cody and others against James W. Dickinson. From a judgment for plaintiffs and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Charles Fuller, of New York City (Moses Ely, of New York City, on the brief), for appellant.

Percy L. Housel, of Riverhead, for respondents.

BURR, J. Plaintiffs seek to recover damages for breach of a contract with defendant to remove in three separate sections a large building situated in the village of Port Washington to three other locations in said village. The complaint alleged that by the contract, which was an oral one, defendant "agreed to furnish any and all rights of way that might be necessary for the removal of said sections of said building through any and all streets and highways of said village of Port Washington," and further alleged that on or about January 15, 1910, defendant broke said contract by refusing to obtain "a right of way, necessary for the removal of the third and last section of said building over Jefferson street." Upon the trial it appeared that two sections of the building had been removed, but, because it was more convenient for plaintiffs so to do, they had moved the last section upon private property instead of through the street, and that to complete the work it became necessary to remove a tree thereon. The owner of said land refused to permit such removal unless paid the sum of $25 therefor. When this evidence was offered, it was objected to as not within the pleadings, and thereupon plaintiffs moved to amend the complaint, and the court said, "I will allow him to amend the pleadings to conform to his proof." No formal amendment was actually made. Whether the court possessed power to grant such amendment at the trial we need not now determine, for the only proof which had been offered at the time that the motion was granted as to any obligation on defendant's part to secure rights of way was an executed agreement to obtain the consent of a street surface railroad company to permit the first of said sections to be moved across its tracks.

[1] We have, then, a complaint alleging an obligation on defendant's part to obtain rights of way through the streets and highways of said village, evidence of an agreement performed by defendant to obtain the consent of a railroad company to cross its tracks, and recovery upon the theory that defendant had failed to obtain consent of an owner of private property to the removal of a tree which stood thereon in the route selected by plaintiffs for their own convenience. Unless we are to pay no attention to pleadings, such recovery cannot be sustained. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose but rather to ensnare and mislead his adversary. Southwick v. First Nat. Bank of Memphis, 84 N. Y. 420; City of New York v. Knickerbocker Trust Co., 121 App. Div. 740, 106 N. Y. Supp. 506.

[2] If plaintiffs desire to amend their complaint, application there-

for may be made to the Special Term for that purpose, when proper terms and conditions of such amendment can be imposed. Audley v. Townsend, 131 App. Div. 79, 115 N. Y. Supp. 145.

The judgment and the order denying a motion for a new trial must be reversed, and a new trial granted, costs to abide the event. All concur.